■ In the Matter of EUGENE J. MORRIS, Respondent, v THOMAS A. MARTIN, as Chairman of State Board of Equalization and Assessment, et al., Appellants, and DEPARTMENT OF FINANCE OF CITY OF NEW YORK, Intervenor-Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered November 12, 1980 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents, upon payment of any lawful fees, to provide certified copies of lists of sales of real property in the City of New York for the periods 1977-1978 and 1978-1979. Petitioner, an attorney representing New York City real property owners currently engaged in tax certiorari litigation, brought this proceeding to obtain copies of sales data lists for the years involved. Annually, the city furnishes the State Board of Equalization and Assessment (SBEA) with a list of real property sales in the city. These computerized lists, compiled by the city from information contained in New York City real property tax returns, contain the following information: names and addresses of the buyer and seller; location of the property sold by block and lot number; sale date and sale price; assessed valuation of the land and total valuation; and the ratio price, i.e., the comparison of the assessed valuation to the selling price or full value of the property. Petitioner argued and Special Term agreed that in denying him access to this sales information, SBEA acted in contravention of the Freedom of Information Law (Public Officers Law, art 6). Its claim that the information sought was exempt from disclosure by reason of section 87 (subd 2, pars [a], [b], [g]) of that law having been rejected, SBEA appealed. Disclosure of the

information being sought is prohibited by section I146-15.0 of the Administrative Code of the City of New York. Its predecessor, section I46 of the Administrative Code, a local law employing identical language, was amended in 1963 by a special act of the State Legislature, and as a consequence the provisions of section I46 became a State statute. Thereafter, pursuant to enabling legislation passed by the State Legislature (Tax Law, § 1201), section I146-15.0 was adopted by local law. That section guarantees the secrecy of real property tax returns and makes it unlawful "to divulge or make known in any manner any information contained in or relating to" any such returns. Given its history, section I146-15.0 of the Administrative Code is, for all practical purposes, a State statute. Since section 87 (subd 2, par [a]) of the Public Officers Law authorizes an agency to deny access to records that are "specifically exempted from disclosure by state *** statute", SBEA was empowered to refuse petitioner's request. We do not perceive that request as merely embracing anonymous statistical data. Had it been so limited and if lists of that nature existed, they would be subject to disclosure under section I146-15.0. Judgment reversed, on the law, without costs, and petition dismissed. Main, Yesawich, Jr., and Weiss, JJ., concur.

Kane, J. P., and Mikoll, J., dissent and vote to affirm in the following memorandum by Kane, J. P. Kane, J. P. (dissenting). "[A]ll agency records [are] open to the public unless they fall within one of eight categories of exemptions" *(Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575, 580) and "[o]nly where the material requested falls squarely within the ambit of one of these statutory exemptions may disclosure be withheld" *(Matter of Fink v Lefkowitz,* 47 NY2d 567, 571). Here, respondents initially claimed three such exemptions, but sole reliance is now placed on the provision which states that access may be refused if the records sought "are specifically exempted from disclosure by state or federal statute" (Public Officers Law, § 87, subd 2, par [a]). Assuming the provisions of the Administrative Code of the City of New York, relied upon by the majority, are or have the effect of State statutes, the question remains whether they specifically exempt from disclosure the materials petitioner has requested. The majority answers this inquiry in the affirmative by quoting the general language of confidentiality imposed by section I146-15.0 of the Administrative Code, but, in our view, its analysis of the issue is incomplete for that section also contains many exceptions. In *Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, Statewide Organized Crime Task Force* (44 NY2d 575), the Court of Appeals upheld an order quashing a Grand Jury subpoena duces tecum for the production of an individual income tax return because disclosure of the return would not accord with the wording or policy of subdivision (e) of section 697 of the Tax Law which posits a rule of confidentiality similar to the instant provision. However, there the comparable exceptions were far narrower than those encountered in this case or, for that matter, in several analogous enactments noted in the Court of Appeals decision (p 578). Here, for example, there is no prohibition against inspection for official business by certain District Attorneys; certified copies of any such return may be delivered to "a grantor or grantee of a deed or to any subsequent owner of the real property conveyed by such deed or to the duly authorized representative of any of them" (Administrative Code, § I146-15.0). Furthermore, "the publication of statistics so classified as to prevent the identification of particular returns or items thereof" is not enjoined (Administrative Code, § I146-15.0). Thus, it is evident that the restraints against the dissemination of information contained in real property transfer tax returns are far less onerous than those pertaining to other forms of taxation and that the disclosure of appropriately classified statistics — far from being squarely within the ambit of exemption — is

expressly authorized. While a sample return has not been included in the record, the petition carefully alléges that respondents could and should have edited the subject lists by omitting any references to individuals or specific return numbers. We are, therefore, at a loss to understand the majority's comments intimating that petitioner is actually requesting something more than available factual data not attributable to any named taxpayer. The lists may present information derived from such returns, but they would not permit identificaton of particular returns in the form sought by petitioner. Accordingly, there is no danger, as voiced by the intervenor, that disclosure would produce an unwarranted invasion of personal privacy (see Public Officers Law, § 87, subd 2, par [b]; § 89, subd 2). Since respondents have stipulated to the entry of a final judgment on the merits, we conclude that affirmance is in order because the claimed exemption was not established.