## (June 28, 1984)

■ In the Matter of CITY OF NEW YORK, Appellant, v NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent, and DONALD N. DAVID et al., Intervenors-Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered August 4, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Board of Equalization and Assessment to release the entire sales data list provided to it by the City of New York and to enjoin such release. ¶ Upon an appeal from a prior judgment of this court (*Matter of Morris v Martin*, 82 AD2d 965), the Court of Appeals reversed this court and reinstated the judgment of Special Term, which directed that certified copies of lists of sales of real property in the City of New York be provided to the petitioner in that proceeding (*Matter of Morris v Martin*, 55 NY2d 1026). The Court of Appeals also determined that the material requested was not exempt from disclosure under section 87 (subd 2, pars [a], [b] or [g]) of the Public Officers Law. Although the City of New York appeared as intervenor before this court and the Court of Appeals, it did not appear in the original proceeding at Special Term. The same information at issue there was then sought by Donald N. David and the State Board of Equalization and Assessment directed its release. The City of New York instituted the instant proceeding challenging that determination. ¶ We view the decision in *Matter of Morris v Martin* (*supra*) as dispositive of this appeal. There the court found, specifically, that the information sought is not exempt from disclosure under section 87 of the Public Officers Law (subd 2, pars [a], [b] or [g]), and, in reinstating the judgment of Special Term, it directed the release of the lists upon which the assessing authorities had placed their significance indicators. Since the relief the city seeks in this proceeding is to enjoin the release of sales data lists containing the same information, it is precluded from such relief and the petition was correctly dismissed. ¶ Judgment affirmed, with costs to intervenors-respondents. Mahoney, P. J., Kane, Main and Harvey, JJ., concur.

Levine, J., dissents and votes to reverse in the following memorandum.

Levine, J. (dissenting). I respectfully disagree with the majority's holding that, because the same sales data lists are involved, the prior decision in *Matter of Morris v Martin* (55 NY2d 1026) is dispositive as to the city's present objection to disclosure of a portion of the lists. As will be fully demonstrated below, the city's objection to disclosure relates here to different items and a different statutory ground for exemption than was involved in the *Morris* case. Hence, the earlier case does not, per se, bind us to the same disposition. It follows that the *Morris* case can only be dispositive of the city's present claim under principles of *res judicata* (claim preclusion) and/or collateral estoppel (issue preclusion). This is precisely what is urged by the intervenors seeking disclosure here. A determination of the *res judicata* or collateral estoppel effect of the *Morris* decision on the city's present claim that portions of the sales data lists

are exempt under New York's Freedom of Information Law (Public Officers Law, art 6), requires an analysis of what was (and what was not) litigated in the prior case, and the role the city played in the *Morris* litigation. ¶ The *Morris* case had its inception in 1980 when Eugene J. Morris made a written request to the State Board of Equalization and Assessment (SBEA), pursuant to the Freedom of Information Law, for certified copies of the sales data lists furnished annually to the SBEA by the city. The lists Morris requested were printouts of computerized tapes of data pertaining to sales of real property in the city, compiled from information set forth in individual real property transfer tax returns. When the SBEA denied his request, Morris initiated a CPLR article 78 proceeding to compel disclosure of the lists. In his petition, Morris further identified the lists as those furnished to the SBEA by the city containing six specific categories of information: the identity of the property, the names of the buyer and seller, the date of sale, the assessment, the sale price and the ratio of price to assessment. The SBEA asserted that the lists were exempt from disclosure on three grounds: (1) that they were specifically exempted from disclosure by prohibitory provisions of the city's Administrative Code, and thus, in effect, by State statute (Public Officers Law, § 87, subd 2, par [a]); (2) that SBEA asserted that the lists were exempt from disclosure on three grounds: (1) that they were specifically exempted from disclosure by prohibitory provisions of the city's Administrative Code, and thus, in effect, by State statute (Public Officers Law, § 87, subd 2, par [a]); (2) that their disclosure would constitute an unwarranted invasion of the personal privacy of the property owners listed therein (Public Officers Law, § 87, subd 2, par [b]); and (3) that the lists provided to the SBEA by the city's assessor's office constituted exempt interagency material (Public Officers Law, § 87, subd 2, par [g]). Special Term resolved the exemption issue entirely in favor of Morris, and the SBEA appealed. At that point, the city, not previously a party to the litigation, successfully sought permission to intervene on the appeal. This court, with two Justices dissenting, reversed Special Term, holding that the city's Administrative Code (enacted pursuant to a State enabling act) had the status of State legislation and, because the code prohibited disclosure, the lists were statutorily exempt (Public Officers Law, § 87, subd 2, par [a]) (*Matter of Morris v Martin*, 82 AD2d 965). On appeal to the Court of Appeals, this court's decision was reversed and Special Term's reinstated (*Matter of Morris v Martin*, 55 NY2d 1026, *supra*). A judgment was entered directing disclosure of the lists. ¶ The city's current claim for partial exemption of the lists is entirely different from the exemption claims at issue in *Morris*. Here, the city opposes disclosure on the ground that the lists contain notations by its assessors, represented by the letters "S" and "I" (S/I notations), indicating whether the assessors consider a particular sale as significant or insignificant for assessment purposes, and, as such, the S/I notations are exempt as interagency expressions of opinion within the deliberative process of fixing assessments (Public Officers Law, § 87, subd 2, par [g]). Not only does this claim raise issues different from those raised in *Morris*, it is far from being devoid of merit, as the SBEA conceded in its written determination to release the tapes solely by reason of being bound by the *Morris* decision. This distinction, coupled with the city's limited status as an intervenor on appeal in the prior case (more fully discussed *infra*) are, in my opinion, critical to whether the city is barred here. ¶ Central to all *res judicata* and collateral estoppel determinations is the question of whether the party to be precluded in the current litigation has previously had his day in court, i.e., a prior opportunity to interpose his current claim or defense. Thus, regarding claim preclusion, a leading commentator explains that "[t]he purpose of this rule is to prevent a party from seeking in a later action to inject matters (theories, grounds, counts, defenses, etc.)

which he could and should have used in the first but did not" (Siegel, NY Prac, § 447, p 592). From an examination of the record in the instant proceeding and the record on appeal in *Matter of Morris v Martin (supra)*, it is evident that the city was never afforded an opportunity to contest whether an exemption was applicable to the S/I notations on the sales data lists. The existence of those notations was not referred to in the petition in *Morris,* nor in Morris' letter to the SBEA requesting copies of the lists. Likewise, no mention was made of the notations in the SBEA's letter to Morris rejecting disclosure, nor in the agency's motion to dismiss his petition. Moreover, the record on appeal in the *Morris* case did not include copies of any individual or sample real property transfer tax returns, nor any copy of a sales data list containing the S/I notations. Undoubtedly, this explains why none of the judicial decisions in *Morris* discusses or determines the issue the city now raises. To be sure, the city is charged with notice that the lists contained the notations. Therefore, if the city's intervention in *Morris* had taken place before the case reached the appellate stage, its current claim of exemption (as part of the "transaction" involving the same sales data lists) might well have been precluded in the instant case, even though the city had not advanced its present claim before the court of original jurisdiction in the prior case (*O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Matter of Trowbridge,* 266 NY 283, 288). ¶ Here, however, the city did not become a party until the *Morris* case was on appeal. The city had not sought to intervene earlier, nor had the petitioners or the respondents in that case joined the city as a party. At the point when the city did become a party to the *Morris* case on appeal, it was unalterably bound by the record made at Special Term by the original parties. Any attempt to raise the issue of the exempt status of the S/I notations at the appellate level, dehors the record, would properly have been rejected (*Memory Gardens v D'Amico,* 91 AD2d 1160; *Matter of Yanoff v Commissioner of Educ.,* 64 AD2d 763).[*] Having not been made a party before Special Term by intervention or joinder and with no basis in the record to raise the issue for the first time on appeal, the city was never afforded in the *Morris* case its "day in court" on its present claim that the S/I notations are exempt from disclosure. It follows that claim preclusion does not apply here. As stated in *Matter of Reilly v Reid* (45 NY2d 24), "[i]n properly seeking to deny a litigant two 'days in court', courts must be careful not to deprive him of one" (*id.,* at p 28; see, also, Restatement, Judgments 2d, § 34, Comment *a*). ¶ The foregoing discussion also effectively eliminates any bar to the city's present claim under the doctrine of collateral estoppel. True, it is arguable that the issue of the exemption of the S/I notations was necessarily decided when the Court of Appeals ruled that the petitioner in *Morris* was entitled to the lists containing those notations. However, collateral estoppel cannot be applied to preclude a party from litigating an issue if he has not been afforded a "full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). The city never had that opportunity in *Morris,* either before Special Term or on appeal. The city was not bound by Special Term's determination made before it intervened (Restatement, Judgments 2d, § 34, p 349, n). ¶ For the foregoing reasons, Special Term's dismissal of the city's petition should be reversed and the matter remitted to the SBEA, the agency in possession of the sales data lists, for an initial determination of whether the S/I notations are statutorily exempt from disclosure.

---

[*] The SBEA in the *Morris* case also stipulated to the entry of a judgment reciting a concession that "no further defenses to the petition could be interposed by way of answer other than those set forth in Respondents' application to dismiss the proceeding". This would have added a further bar to any attempt by the city to raise the issue of the S/I notations' exempt status for the first time on appeal.