In the Matter of PETER AKRAS, Respondent, v SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents denying the petitioner access to certain documents, the appeal is from a judgment of the Supreme Court, Suffolk County (Yachnin, J.), entered September 18, 1986, which granted the petition to the extent of directing the appellants to produce certain records in accordance with its instructions.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner seeks access to various documents prepared by the appellants with regard to his request to be reclassified from his position of assistant public health engineer to that of public health engineer. The Freedom of Information Act protects against the disclosure of "inter-agency or intra-agency materials", predecisional memoranda or other nonfinal recommendations prepared to assist an agency decision maker (Public Officers Law § 87 [2] [g]; *Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131). The documents at issue herein fall within this exception. However, Public Officers Law § 87 (2) (g) (i) provides that access should be provided to material in such a document that constitutes "statistical or factual tabulations or data".

In the case at bar, after an in camera inspection of the documents in issue and a review of the redactions made by the Supreme Court, Suffolk County, we conclude that these documents consist of factual data that are not protected from disclosure under Public Officers Law § 87 (2) (g); *(see also, Matter of MacRae v Dolce,* 130 AD2d 577). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.