In the Matter of DONALD N. DAVID et al., Respondents, v RICHARD LEWISOHN, as Chairman of the State Board of Equalization and Assessment, et al., Appellants, and CITY OF NEW YORK, Intervenor-Appellant.

Third Department, December 15, 1988

APPEARANCES OF COUNSEL

*Peter L. Zimroth,* Corporation Counsel *(Reed G. Schneider* and *Joseph I. Lauer* of counsel), for intervenor-appellant.

*Podell, Rothman, Schechter & Banfield (William E. Banfield* of counsel), for Donald N. David, respondent. *Demov, Morris & Hammerling (Eugene J. Morris* of counsel), respondent *pro se. Blodnick, Pomeranz, Reiss, Schultz & Abramowitz, P. C. (Mark S. Tullis* of counsel), respondent *pro se.* (One brief filed.)

OPINION OF THE COURT

MERCURE, J.

The narrow issue that we must resolve, as framed by the Court of Appeals *(see, Matter of City of New York v New York State Bd. of Equalization & Assessment,* 65 NY2d 656) is whether there is a statutory exemption from disclosure under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) for certain "significant/insignificant" (hereinafter S/I) notations contained in real estate transfer data provided to the State Board of Equalization and Assessment (hereinafter SBEA) by the City of New York.

This matter having been before us on two prior occasions *(see, Matter of Morris v Martin,* 82 AD2d 965, *revd* 55 NY2d 1026; *Matter of City of New York v New York State Bd. of Equalization & Assessment,* 102 AD2d 987, *revd* 65 NY2d 656), an overview of the factual and procedural history is appropriate. When any parcel of real property in the city is transferred with a consideration greater than $25,000, the grantor and grantee must file a real estate transfer tax return with the city's Department of Finance. The categories of information contained in the returns include: "names and addresses of the buyer and seller; location of the property sold by block and lot number; sale date and sale price; assessed valuation of the land and total valuation; and the ratio price, i.e., the comparison of the assessed valuation to the selling price or full value of the property" *(Matter of Morris v Martin, supra,* at 965). This information is abstracted and entered into the city's computers. The computer tapes containing this data are made available to the city's Real Property Assessment Bureau. Each city assessor uses the information to prepare an

annual tentative assessment roll for the property in his or her district.

When an assessor learns of a property transfer, the details of the transaction are analyzed and the transfer is placed into one of two categories for assessment purposes: either significant, denominated by an "S", or insignificant, denominated by an "I".* The Assessment Bureau submits the S/I notations to the city's Department of Finance which enters the indicators on the city's computer. Computer tapes which include the S/I indicator are sent by the City to SBEA.

With the exception of the S/I notations, petitioners' right to obtain all information contained on the computer tapes from SBEA was established in *Matter of Morris v Martin* (55 NY2d 1026, *revg* 82 AD2d 965, *supra*). Thereafter, in *Matter of City of New York v New York State Bd. of Equalization & Assessment* (65 NY2d 656, *revg* 102 AD2d 987, *supra*), the Court of Appeals remitted the issue of whether the S/I indicators were exempt. All petitioners renewed their FOIL requests. SBEA's Record Access Officer found that the S/I notations were exempt from disclosure and the decision was upheld on administrative appeal. Supreme Court (136 Misc 2d 325) annulled the SBEA finding and found that the S/I indicators were not exempt from disclosure since they could be characterized as "statistical or factual tabulations or data" and as "instructions to staff that affect the public" as defined in Public Officers Law § 87 (2) (g). This appeal ensued.

We reverse. It should be noted at the outset that this court has been consistent in upholding the public's right to know under FOIL *(see, e.g., Matter of Polansky v Regan,* 81 AD2d 102). Further, it is well established that exemptions must be narrowly construed to ensure maximum access to public records *(see, Matter of Fink v Lefkowitz,* 47 NY2d 567, 571). With these principles firmly in mind, we note that FOIL specifically exempts intraagency and interagency materials which are not statistical or factual tabulations or data, instructions to the staff that affect the public, or final agency policy or determination (Public Officers Law § 87 [2] [g]). We reject petitioners' initial contention that the S/I notations fall

---

* An "S" notation does not bind the assessor to accept the reported price as the assessed value. Likewise, the notation of "I" does not always mean that the sale was not made at arm's length. Creative financing or other factors can make the reported price substantially different from the assessor's opinion of value. The S/I notations may be changed when new information is obtained by the assessor.

within the purview of statistical or factual tabulations or data. Instead, the S/I indicators are, we believe, opinions exempt from disclosure *(see, Matter of Dunlea v Goldmark,* 54 AD2d 446, 448, *affd* 43 NY2d 754).* The words "significant" and "insignificant" do not denote facts. They simply report tentative opinions of city assessors resulting from their review of transfer tax returns. The reasoning behind the protection of opinions from disclosure is that the inherent dangers involved in releasing nonfinal recommendations which may be based on reasoning rejected, or never adopted, by the final decision maker will not only impinge on the agency's predecisional process, but mislead the public *(see, Matter of McAulay v Board of Educ.,* 61 AD2d 1048, *affd* 48 NY2d 659; *see also, Ingram v Axelrod,* 90 AD2d 568, 569-570).

Nor can we agree with the analysis of Supreme Court that the notations "initially based upon the opinion of individual City assessors" are transformed into statistical data when communicated to SBEA. *(Supra,* 136 Misc 2d, at 330.) A predecisional opinion does not undergo a transformation into a fact when it is transferred to another agency. Indeed, even an opinion supplied to an agency from an outside consultant does not become discoverable upon transfer *(Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131, 132). Moreover, Supreme Court's reliance on *Matter of Polansky v Regan* (81 AD2d 102, *supra)* is misplaced. Clearly, the "fact that some of the data might be an estimate or a recommendation does not convert it into an expression of opinion" *(supra,* at 104). However, the S/I notation is not a mere discoverable estimate; rather, it is a "naked argument for or against a certain position" *(supra,* at 104). Neither the presence of the objective sales data on the same computer tape, whose release is not disputed, nor the transmittal of the tape to SBEA can convert an abbreviation of a preliminary opinion into data. A small amount of factual matter is not converted into an expression of opinion by the preponderance of estimates and opinions contained in a document *(see, Matter of MacRae v Dolce,* 130 AD2d 577) and, similarly, despite the predominantly factual character of the computer tape here, the presence of a single opinion entry per transfer is protected.

Equally untenable is petitioners' contention that the S/I designations are instructions to the staff of SBEA that affect the public. Instructions are meant to be obeyed, and the City does not and cannot bind SBEA appraisers. The S/I notations are just meant as a convenience for SBEA and their use is

within the discretion of each appraiser. The S/I indicator is just one of many factors which is taken into account by SBEA. Additionally, SBEA appraisers are familiar with the subjectivity of the notation and discount its importance accordingly.

Petitioners' remaining contentions do not require extended discussion. Petitioners' argument that the assessors' field books constitute public records that may be copied *(see,* 4 Opns Counsel SBEA No. 25), including the S/I notations is rejected *(see, Matter of Xerox Corp. v Town of Webster, supra).* Similarly unconvincing is petitioners' argument that the notations are final agency policy or determinations. As we have already indicated, the S/I notations are tentative opinions and part of the predecisional process. For the reasons previously discussed, we conclude that there is a statutory exemption from disclosure under Public Officers Law § 87 (2) (g) for the S/I notations contained in real estate transfer data provided to SBEA by the city.

KANE, J. P., WEISS, MIKOLL and LEVINE, JJ., concur.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed.