■ In the Matter of BROWNSTONE PUBLISHERS, INC., Respondent-Appellant, v NEW YORK CITY DEPARTMENT OF FINANCE, Appellant-Respondent, and NEW YORK STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Walter Schackman, J.), entered August 9, 1988, which granted petitioner's amended petition to the extent of directing the municipal respondent to release certain information relative to

transfers of real property, unanimously modified, on the law, facts and in the exercise of discretion, to require disclosure of the apartment numbers of transferred cooperative units, and otherwise affirmed, without costs.

In this CPLR article 78 proceeding, petitioner, Brownstone Publishers, Inc. (Brownstone), an information services and publishing company in the field of real estate, seeks access under the Freedom of Information Law (FOIL; Public Officers Law art 6) to statistical and factual records concerning the transfers of real property in New York City. The information requested, which is routinely compiled and maintained by respondent New York City Department of Finance (DOF) in connection with property transfer taxation, is to be utilized in developing a computerized database that will serve as a catalog of all New York City property transfers. This on-line remote database will be available on a subscription basis to appraisers, attorneys, and real estate brokers.

The DOF appeals from the order and judgment of the IAS Part, insofar as it granted the petition, and Brownstone cross-appeals to the extent that the names of buyers and sellers, and the apartment numbers of transferred cooperative units, were excluded from disclosure. We modify to permit disclosure of the apartment numbers.

The principle is well established, and continues to be reiterated, that "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" *(Matter of Capital Newspapers v Whalen,* 69 NY2d 246, 252; *Matter of Federation of N. Y State Rifle & Pistol Clubs v New York City Police Dept.,* 73 NY2d 92). In order to qualify as an exemption, the requested materials must "fall within one of [the] specific exempt categories set forth in subdivision 2 of section 87 of the Public Officers Law (see *Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575, 580; *Kheel v Ravitch,* 93 AD2d 422, 426, app dsmd 60 NY2d 681)". *(Matter of De Zimm v Connelie,* 102 AD2d 668, 670, *affd* 64 NY2d 860.)

Here, the DOF claims such an exemption on the ground that the disclosure sought will violate the "secrecy" provision of the city's Real Property Transfer Tax Law, set forth in Administrative Code of the City of New York § 11-2115. This argument must be rejected, however, in light of the Court of Appeals decision in *Matter of Morris v Martin* (55 NY2d 1026, *revg* 82 AD2d 965), which held that the "secrecy" provision did not constitute an exemption from FOIL disclosure because it

was not a State or Federal statute, as required for these purposes by Public Officers Law § 87 (2) (a).

Thus, the DOF has not met the burden of demonstrating that the records fall within one of the narrowly interpreted exemptions. *(See, Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse,* 65 NY2d 294, 297; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 80.)

Moreover, the data disclosed in the transfer of noncooperative real property, including condominiums, are readily available to the public. We find singularly unpersuasive the DOF"s contention that a greater claim of privacy inures to cooperative unit owners simply because there is no deed recorded in the transfer of their shares. Indeed, we note that purchasers who obtain cooperative apartment loans are required by law to file forms which include their names and the address and apartment number of the purchased cooperative, and that these forms are public records.

For these reasons, we expand the disclosure directed below to include the apartment numbers of transferred cooperative units. This information, which indicates the floor and line of a unit, is a critical factor in determining its value. We agree with the IAS Part, however, that the names of buyers and sellers are irrelevant to such an appraisal, and may, therefore, be withheld. In this context, we note that Brownstone expressly withdraws, in its cross appeal, any request for the names and current addresses of these parties.

Accordingly, the order directing respondent DOF to provide certain data pursuant to FOIL is modified to the extent of permitting disclosure of the apartment numbers of transferred cooperative units, and otherwise affirmed. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Wallach, JJ.