■ BROWNSTONE PUBLISHERS, INC., Respondent, v NEW YORK CITY DEPARTMENT OF FINANCE, Appellant, et al., Respondent.—Order of the Supreme Court, New York County (Walter M. Schackman, J.), entered March 2, 1990, which denied a motion by the New York City Department of Finance (DOF) denominated as a motion to renew and reargue the court's decision dated June 22, 1988, and for an order dismissing the petition, unanimously affirmed, without costs.

Brownstone Publishers, Inc., an information services and publishing company, brought a proceeding under CPLR article 78 to compel the DOF to disclose to Brownstone information taken from real property tax returns, pursuant to the Freedom of Information Law (FOIL; Public Officers Law art 6). The Supreme Court granted most of the disclosure sought by Brownstone, by order and judgment entered August 9, 1988. The DOF appealed to this court, which on May 9, 1989, modified in respects not pertinent to this appeal *(Matter of Brownstone Publishers v New York City Dept. of Fin.,* 150 AD2d 185, *lv denied* 75 NY2d 791). This court held, *inter alia,* that the "secrecy" provision of the city's Real Property Transfer Tax Law, set forth in Administrative Code of the City of New York § 11-2115, was not a Federal or State statute exempting materials from disclosure under Public Officers Law § 87 (2) (a) (150 AD2d, *supra,* at 186-187).

On July 24, 1989, the State Legislature amended section 11-2115 of the Administrative Code (L 1989, ch 714, § 10) to provide that it shall be deemed a State statute for purposes of Public Officers Law § 87 (2) (a). The act further provided that it would take effect immediately and be applicable to "records which are the subject of a request for access made pursuant to [FOIL] or any other law and as to which no final determination by a court of competent jurisdiction has been made on or before such effective date." (L 1989, ch 714, § 14.) On September 7, 1989, this court denied the DOF's application for leave to appeal, and on January 9, 1990, the Court of Appeals denied leave to appeal, restating the rule that denial of a motion for leave to appeal is not equivalent to an affirmance and has no precedential value (75 NY2d 791, *supra).*

Thereafter, the DOF moved in the Supreme Court to "reargue and renew" the initial decision, although the relief sought was in fact reconsideration of the August 9, 1988 order and judgment, relying on *McMahon v City of New York* (105 AD2d 101, 105-106). However, *McMahon* refers to "the court's inherent power in the furtherance of justice, not to let a judgment stand *which should never have been rendered*" (105 AD2d, *supra,* at 106). This court, in affirming that portion of the Supreme Court's order and judgment appealed from by the DOF, ruled that the judgment was correctly rendered, so *McMahon* is inapplicable.

Moreover, the statute relied upon by the DOF states that it does not apply to records as to which a final determination has been made prior to July 24, 1989, the Supreme Court's order and judgment entered August 9, 1988 was a "final determination by a court of competent jurisdiction" despite the fact that motions for leave to appeal to the Court of Appeals were pending (CPLR 5011; *Matter of Slewett & Farber v Board of Assessors,* 80 AD2d 186, 200, *mod on other grounds* 54 NY2d 547). Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.