■ In the Matter of BERNARD M. MITZNER, Respondent, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Appellant.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department)

from a judgment of the Supreme Court (Ingrassia, J.), entered March 28, 1990 in Orange County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel respondent to release certain documents requested under the Freedom of Information Law.

Petitioner's wife, Iris Mitzner, a teacher in the Goshen Central School District in Orange County, complained to the State Education Department (hereinafter the Department) that the State-mandated scoring criteria had not been followed in grading the fifth grade writing test administered in the District in April 1988. As a result, the examinations were forwarded to the Department for further review in a process supervised by Carolyn Byrne. Thereafter, the District was advised that the Department was accepting the scores as originally reported. Petitioner subsequently filed a complaint with the Department's Office of Counsel claiming that certain Department employees were aware of the fact that Goshen graders had inflated the test results. A departmental investigation followed, during the course of which a document known as the "interim report" was generated. Attached to the interim report was an analysis of the test scores prepared by Byrne.

In February 1989, petitioner met with Regent Edward Meyer at Meyer's home and was shown a copy of the interim report. Although Meyer apparently promised to send petitioner a copy of the report, he failed to do so. During March 1989, respondent advised petitioner that the departmental investigation had been completed and that he had determined that the evidence did not establish deliberate score inflation on the part of the Goshen test graders. Respondent also concluded that there was no evidence to support petitioner's claim that certain Department employees were involved in a conspiracy to incorrectly score the fifth grade writing test. Thereafter, pursuant to his request, petitioner was provided with copies of all relevant scoring sheets and that portion of the Byrne report consisting of statistical data. The Department declined, however, to provide a copy of the Byrne report.

Petitioner then commenced this CPLR article 78 proceeding seeking, *inter alia,* to obtain a copy of the interim report and the Byrne report. Respondent moved to dismiss, contending that the interim report, which includes the Byrne report as an attachment, was a nonfinal, intraagency report and, as such, was exempt from disclosure under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL). Supreme Court granted the petition to the extent that respondent was

directed to provide petitioner with copies of the requested documents. Respondent appeals.

We reverse. In our view, both the interim report and attached Byrne report qualify as nonfinal agency determinations and, thus, fall squarely within the exemption contemplated by Public Officers Law § 87 (2) (g), which extends to "predecisional memoranda or other nonfinal recommendations prepared to assist an agency decision maker" *(Matter of Akras v Suffolk County Dept. of Civ. Serv.,* 137 AD2d 523; *see, Matter of David v Lewisohn,* 142 AD2d 305, 308, *lv denied* 74 NY2d 610).* The interim report was authored by Charles O'Brien, Assistant Counsel and Deputy Commissioner for Legal Affairs, and addressed to Lionel Meno, the Department's Deputy Commissioner. The document details the allegations made by petitioner, summarizes the departmental investigation that followed, and concludes by noting that a meeting to discuss any further action or investigation would be desirable. The report also contains the opinions expressed by various Department employees as to the significance, or lack thereof, of the scoring discrepancies. In these circumstances, respondent has demonstrated that the requested records are specifically exempt as predecisional, intraagency materials *(see, Matter of David v Lewisohn, supra).*

As a final matter, contrary to petitioner's contention on appeal, Meyer's unauthorized disclosure of the interim report to petitioner "does not operate as a waiver by [respondent] of the FOIL exemptions" *(Matter of Scaccia v New York State Div. of State Police,* 138 AD2d 50, 53; *see, Granada Bldgs. v City of Kingston,* 58 NY2d 705, 708).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.