■ In the Matter of GOODSTEIN & WEST, Respondent, v ANDREW P. O'ROURKE, Appellant. [608 NYS2d 306] —In a proceeding pursuant to CPLR article 78 to compel disclosure of an investigative report rendered by the Westchester County Department of Correction's Deputy Commissioner, the appeal is from a judgment of the Supreme Court, Westchester County (Carey, J.), entered March 13, 1992, which, *inter alia,* granted the petition.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed on the merits.

After an in camera inspection, we conclude that the investigative report prepared by the Weschester County Department of Correction's Deputy Commissioner falls squarely within the protection of Public Officers Law § 87 (2) (g), and, accordingly, we reverse the judgment. The report was authored by the Deputy Commissioner of Correction and addressed to the Director of the Office of Affirmative Action. The document details the allegations of discrimination made by a Correction Officer, summarizes the investigation conducted by the Deputy Commissioner, and sets forth the Deputy Commissioner's opinions, analysis, conclusions, and recommendations. The County, in arguing for the report's exemption, contends that candor and communication would be impeded if the persons questioned knew that their responses were open to disclosure, and that the truth-seeking process is furthered by the exemption for the predecisional, inter-agency stage. The report contains no "purely factual data" which could be considered non-exempt *(see, Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131, 132; *Matter of Miracle Mile Assocs. v Yudelson,* 68 AD2d 176, 182). In these circumstances, the County met its burden of convincingly demonstrating that the report is exempt as predecisional, intra-agency or inter-agency material *(see, Matter of Mitzner v Sobol,* 173 AD2d 1064, 1066; *Matter of Town of Oyster Bay v Williams,* 134 AD2d 267).

The fact that the report was prepared by the Correction

Department at the request of the Office of Affirmative Action does not preclude a finding that the report was an intermediate step leading to a final decision by the agency decision maker within the Office of Affirmative Action. The statute exempts *both* inter-agency and intra-agency materials. Opinions and recommendations that would, if prepared by agency employees, be exempt from disclosure under the Freedom of Information Law as "intra-agency materials" do not lose their exempt status simply because they are prepared for the agency, at its request, by an outside consultant or another agency *(see, Matter of Xerox Corp. v Town of Webster, supra,* at 131-132; *Matter of Sea Crest Constr. Corp. v Stubing,* 82 AD2d 546, 549; *Matter of Miracle Mile Assocs. v Yudelson, supra,* at 181). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.