■ In the Matter of CARL BELLO et al., Respondents, v STATE OF NEW YORK DEPARTMENT OF LAW et al., Respondents, and CABLEVISION SYSTEMS CORPORATION, Intervenor-Appellant. [617 NYS2d 856] —In a proceeding to compel compliance with the

petitioners' prior request for disclosure pursuant to the Freedom of Information Law, the intervenor appeals from so much of a judgment of the Supreme Court, Suffolk County (Werner, J.), dated November 30, 1992, as granted disclosure of certain documents for inspection by the petitioners-respondents.

Ordered that the judgment is modified, on the law, by adding a provision to the first decretal paragraph thereof providing that the letter dated March 15, 1989, is exempt from disclosure; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioners sought access, through the New York State Freedom of Information Law (hereinafter FOIL), to documents compiled by intervenor-appellant, Cablevision Systems Corporation, and obtained by the respondent, New York State Department of Law, during the course of a civil investigation. The intervenor-appellant argues that these documents are exempt under Public Officers Law § 87 (2) (e) as documents compiled during a law enforcement investigation, and that such an exemption survives the conclusion of an investigation. The intervenor-appellant also argues that the content of a letter dated March 15, 1989, should be held exempt pursuant to Public Officers Law § 87 (2) (d) as a document containing trade secret information.

The intervenor-appellant failed to meet its burden of demonstrating that disclosure of the documents in question would "interfere with law enforcement investigations or judicial proceedings" (Public Officers Law § 87 [2] [e] [i]) or that the exemption to disclosure provided by Public Officers Law § 87 (2) (e) would otherwise apply. That the documents may have been furnished in confidentiality does not render them beyond the scope of FOIL disclosure (see, Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557).

However, we agree with the intervenor-appellant that the letter dated March 15, 1989, should have been held exempt pursuant to Public Officers Law § 87 (2) (d). This letter digests the results of customer surveys, and the intervenor-appellant met its burden of showing that disclosure of this material would "cause substantial injury to [its] competitive position" (Public Officers Law § 87 [2] [d]). Bracken, J. P., Balletta, Joy and Altman, JJ., concur.