■ In the Matter of NEW YORK 1 NEWS, Respondent, v OFFICE OF THE PRESIDENT OF BOROUGH OF STATEN ISLAND et al., Appellants. [647 NYS2d 270] —In a proceeding pursuant to CPLR article 78 to compel the appellants to disclose records requested pursuant to Public Officers Law article 6 (the Freedom of Information Law), the appeal is from a judgment of the Supreme Court, Kings County (Golden, J.), dated August 1, 1995, which granted the petition.

Ordered that the judgment is affirmed, with costs.

In October 1992, the President of the Borough of Staten Island, Guy V. Molinari, while on a public access television program, stated, inter alia, that a certain prior employee of the President's Office had been accused, investigated, and determined to be guilty of "racial insensitivity". The petitioner, New York 1 News, seeks access under Public Officers Law article 6 (the Freedom of Information Law) (hereinafter FOIL) to documents outlining the investigation and determination of guilt of that employee. The appellants contend that the documents sought are exempt from disclosure on the grounds that (1) they constitute predecisional, nonfinal, intra-agency documents, and (2) the request constitutes an unwarranted invasion of personal privacy. The Supreme Court correctly

concluded that the exemption did not apply to the investigator's memorandum because (1) the memorandum became a final agency policy record when Molinari adopted it as the basis for his decision; and (2) the memorandum was purely factual, so it was not protected. FOIL protects "inter-agency or intra-agency materials which are not * * * final agency policy or determinations" (Public Officers Law § 87 [2] [g] [iii]). The exemption for intra-agency materials does not apply to final agency policy or decisions. Here, Molinari not only had relied on and incorporated the findings of the investigator, he expressly adopted them in explaining his actions. Having done so, he is precluded from claiming that the memoranda are exempt from disclosure.

In any event, Public Officers Law § 87 (2) (g), even when it applies, "permits access to records or portions thereof which contain any statistical or factual information, policy or determinations upon which the agency relies" (*Matter of Miracle Mile Assocs. v Yudelson,* 68 AD2d 176, 181). The exemption applies only to what are called deliberative materials, "i.e., communications exchanged for discussion purposes not constituting final policy decisions" (*Matter of Russo v Nassau County Community Coll.,* 81 NY2d 690, 699). Factual observations are not exempt from disclosure, even in documents issued before final decision (*see, e.g., Environmental Protection Agency v Mink,* 410 US 73, 89; *Matter of Professional Stds. Review Council v New York State Dept. of Health,* 193 AD2d 937, 940; *Matter of Cross-Sound Ferry Servs. v Dept. of Transp.,* 219 AD2d 346; *cf., Matter of Goodstein & West v O'Rourke,* 201 AD2d 731). Our in-camera review reveals that the "Master" Memorandum is a report of an investigation of facts surrounding certain events and is not protected by the privilege the appellants seek to assert here (*see, e.g., Matter of Akras v Suffolk County Dept. of Civ. Serv.,* 137 AD2d 523; *Ingram v Axelrod,* 90 AD2d 568, 569; *Matter of Miracle Mile Assocs. v Yudelson, supra,* at 183).

Furthermore, the appellants have failed to support their assertion that disclosure of any information would invade anyone's privacy in any unwarranted respect, pursuant to Public Officers Law § 87 (2) (b). "That the documents may have been furnished in confidentiality does not render them beyond the scope of FOIL disclosure" (*Matter of Bello v State of N. Y. Dept. of Law,* 208 AD2d 832, 833; *see also, Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557). Because "[e]mployee discipline is clearly relevant to the work of the agency * * * access to these records should be granted" (*Matter of Buffalo News v Buffalo Mun. Hous. Auth.,* 163 AD2d 830,

831; *accord, Matter of Obiajulu v City of Rochester,* 213 AD2d 1055, 1056; *Matter of Powhida v City of Albany,* 147 AD2d 236, 239; *cf., Matter of LaRocca v Board of Educ.,* 220 AD2d 424). Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.