■ In the Matter of CENTURY HOUSE HISTORICAL SOCIETY et al., Respondents, v STATE OF NEW YORK PUBLIC SERVICE COM-

MISSION et al., Appellants. [655 NYS2d 182] —Spain, J. Appeal from a judgment of the Supreme Court (Carpinello, J.), entered March 11, 1996 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, for, *inter alia*, disclosure of a document under the Freedom of Information Law.

In 1991 respondent Central Hudson Gas & Electric Corporation (hereinafter Central Hudson) submitted an application to respondent Public Service Commission (hereinafter the PSC) for permission to upgrade two existing electric transmission lines in Ulster County. Petitioner Century House Historical Society and its president, petitioner Gayle Grunwald, opposed the proposed upgrade; a number of public hearings, field inspections, technical conferences and evidentiary hearings were held. Subsequently, petitioners requested permission to present oral argument at a public hearing regarding this matter. In May 1995, the PSC granted the application to upgrade the lines and issued a certificate pursuant to Public Service Law article VII to Central Hudson; however, the PSC failed to address petitioners' request for oral argument. In June 1995, after an inquiry from petitioners, the PSC issued an "Erratum Notice" which stated that petitioners' request for oral argument had been considered at a previous session of the PSC and that the PSC had "adopted" the recommendation of the Administrative Law Judge (hereinafter ALJ) to deny the request.

In response to petitioners' letter seeking clarification of the PSC's denial of the request for oral argument, the PSC stated that the interoffice memorandum was not available for public inspection. Petitioners filed a request under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) to view the ALJ's memorandum; the PSC's Records Access Officer denied the request on the ground that the memorandum was a predecisional intraagency document exempt from disclosure pursuant to Public Officers Law § 87 (2) (g). Petitioners appealed this determination to the PSC and the PSC affirmed the denial of their FOIL request; they then commenced this proceeding pursuant to CPLR article 78 seeking to compel disclosure of the memorandum. After reviewing the memorandum in camera, Supreme Court determined, *inter alia*, that the portion of the memorandum which addressed petitioners' request for oral argument was subject to disclosure because it was expressly adopted by the PSC. Accordingly, Supreme Court granted petitioners' application to the extent that the PSC was ordered to redact the ALJ's memorandum and release to

petitioners only so much of the memorandum which addressed the denial of petitioners' request for oral argument. Respondents appeal.

We affirm. Under Public Officers Law § 87 (2), all agency records are open to the public unless they fall within one of the enumerated exceptions. Public Officers Law § 87 (2) (g) (iii) states that interagency or intraagency materials which are not final determinations are not subject to disclosure. These interagency materials have been "construed * * * to mean 'deliberative material' " and, thus, the exemption from disclosure applies to "communications exchanged for discussion purposes not constituting final policy decisions" (*Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699; *see, Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131). However, when an interagency or intraagency document, or a portion thereof, is expressly relied upon as the basis for a final determination, the relevant portion of such document becomes subject to disclosure (*see, Matter of New York 1 News v Office of President of Borough of Staten Is.*, 231 AD2d 524, 525). Here, the "Erratum Notice", which informed petitioners that the motion for oral argument had been denied, stated that "the recommendation to deny the motion was adopted". Further, in a subsequent letter concerning the memorandum sought in this case, the PSC informed petitioners that the ALJ, in his interoffice memorandum, recommended denial of their request for oral argument and that his recommendation "was adopted by the [PSC]". In our view Supreme Court properly determined that the portion of the memorandum which addressed petitioners' request for oral argument was subject to disclosure (*see, id.*).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.