In the Matter of OCEAN HILL-BROWNSVILLE GOVERNING BOARD et al., Appellants, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Second Department, October 24, 1968.

*Robert L. Carter* and *Lewis M. Steel* for appellants.

*J. Lee Rankin, Corporation Counsel (John J. Loflin* and *Bernard Friedlander* of counsel), for respondent.

*Per Curiam.* This is an appeal from the dismissal of the petition and the denial of the requested relief in a proceeding under article 78 of the CPLR to (a) compel the Board of Education of the City of New York to reinstate immediately the Ocean Hill-Brownsville Governing Board and the 18 members thereof, which Governing Board had been suspended by the Board of Education on October 6, 1968, effective immediately, for 30 days; and (b) require the Board of Education of the City of New York to refrain from interfering with the normal functioning of the Governing Board and to refrain from interfering with its decisions.

On April 19, 1967 the Board of Education declared itself committed to a policy of decentralization of its operations into 30 districts and expressed a desire to experiment with various forms of decentralization and community involvement in several experimental districts. On April 24, 1967 chapter 484 of the Laws of 1967 was enacted, directing the Mayor of the City of New York to prepare a study, report, and plan for decentralization. Pursuant to the aforesaid statement of policy and the newly enacted statute, the Board of Education created three demonstration districts, of which the Ocean Hill-Brownsville District was one.

The statute (Education Law, § 2564, subd. 2) did not at that time give the power to the Board of Education to provide for an election of a local school board. Nevertheless, and despite the fact that it does not appear that the Board of Education directed an election, the Ford Foundation supplied funds to assist in the conduct of an election on August 3, 1967 to select members of the experimental decentralized governing school board in the Ocean Hill-Brownsville area. This election was not held pursuant to any of the provisions of the Election Law. It was conceded on the argument that the election was not supervised by the Board of Education and was not conducted under guidelines laid down by the Board of Education. Of the present 18 members of the Governing Board only seven were " elected ". These seven in turn chose five other members. The teaching staff in the eight schools of the district chose four teacher members. The local administrative staff chose two supervisory members. The members of the board chose another member. (One of the

original 19 is not now a petitioner in this proceeding.) The project was developed by the Board of Education beginning on or about August 21, 1967. Although the members of the Governing Board were not chosen pursuant to the authority contained in any statute, the Board of Education has apparently acquiesced in their selection.

At no time up to June 5, 1968 (the effective date of chapter 568 of the Laws of 1968) did the Board of Education have any power or authority to delegate to any local school board, including the Ocean Hill-Brownsville Governing Board, any or all of its functions, powers, obligations, or duties in connection with the operation of the schools and programs under its jurisdiction, nor did the Board of Education in fact so delegate any of its powers to the Ocean Hill-Brownsville Governing Board. The powers of the local school boards were at that time advisory only.

On May 9, 1968 the Administrator of the demonstration school project (appointed by the Board of Education on September 27, 1967 on the recommendation of the local Governing Board) removed a number of teachers in the district from their teaching assignments. On May 27 he preferred charges of misconduct against some of them and suspended them immediately. On May 31 he changed the "discharges" or "suspensions" into requests for transfers out of the demonstration school project. After six days of hearings before a Special Trial Examiner (former Judge FRANCIS E. RIVERS), a report was made on August 26, 1968 denying the requests for the transfers because the evidence was insufficient to sustain the charges. These findings were confirmed by the Superintendent of Schools and the Board of Education.

During the pendency of the proceedings just mentioned, chapter 568 of the Laws of 1968 was enacted on June 5, 1968, effective immediately, which, among other things, (a) directed the Board of Education to formulate a detailed program for decentralization for presentation to the Legislature after review by the State Board of Regents; (b) directed the Board of Education to divide the city school district into such number of local school board districts as it may in its discretion determine; (c) provided that a school decentralization demonstration project in existence on April 1, 1968 shall be deemed to be a local school board district; (d) provided that the Board of Education have the power to appoint or provide for the election of a local school board for each such local school board district; (e) continued the power of the Board of Education to remove at its pleasure a local school board in any such district; (f) gave the Board of Education power to delegate to such local school boards, with

the approval of the Board of Regents, any or all of its functions, powers, obligations and duties in connection with the operation of the schools and programs under its jurisdiction. On September 4 and 11, 1968 the Board of Education delegated, subject to the approval of the Board of Regents, certain of its functions to the 33 local school districts created by it. On October 17, 1968 the Board of Regents gave its approval to this delegation of powers and the creation of the 33 districts.

It is conceded that on various occasions during September, 1968 and up to October 6, 1968 the Board of Education and the Superintendent of Schools directed the Governing Board and the Administrator of the Ocean Hill-Brownsville School District to assign the teachers involved in the hearings before the Special Trial Examiner and a number of others to their teaching positions in the local school district. It is alleged in the answer of the Board of Education, and petitioners' brief states that it is undisputed, that the Governing Board and its Administrator have continued to oppose these directions. On September 15, 1968 the Board of Education suspended the Governing Board, but this suspension was removed on September 20, 1968. On October 6, 1968 the Board of Education suspended the Governing Board for 30 days, effective immediately. It is this suspension which is the subject of the present article 78 proceeding.

In our opinion, the suspension complained of was legal. Subdivision 2 of section 2564 of the Education Law (as last amd. by L. 1968, ch. 568) provides that the Board of Education may " remove at its pleasure, a local school board ". On the argument, counsel for petitioners conceded that the power to remove includes the power to suspend. The legislative intent is framed in language which is plain and clear. Courts are not at liberty to hold that the Legislature had an intention other than that which the language of the statute imports. Where a statute provides that a person holding a particular position may be removed at pleasure, such person may be removed without notice, without charges, and without hearing (*Matter of Byrnes v. Windels,* 265 N. Y. 403). The statute in question does not provide that there be cause for removal or that there be an opportunity to be heard. Where the statute contains no such conditions, neither notice, nor charges, nor opportunity to be heard are necessary (*Eckloff* v. *District of Columbia,* 135 U. S. 240; *People ex rel. Gere* v. *Whitlock,* 92 N. Y. 191, 199).

Petitioners argue that the statute should not be construed to give the Board of Education the power to remove at pleasure an " elected " body. Whether, in view of the facts stated *supra* with respect to the lack of statutory authority for their election

or the manner of their " election ", this Governing Board may be deemed to be a duly elected body is subject to serious doubt. In any event, the statute does not contain an exception that an appointed local school board may be removed at pleasure and that an elected local school board may not be removed at pleasure (as counsel for petitioners argued). The statute provides that all local school boards, whether elected or appointed, may be removed at pleasure. Courts may not interpolate exceptions in a statute and thus avoid and nullify the express declaration of the Legislature (*Johnson* v. *Hudson Riv. R. R. Co.*, 49 N. Y. 455). It is not to be supposed that the Legislature will deliberately place words in a statute which are intended to serve no purpose (*People* v. *Dethloff*, 283 N. Y. 309). The public policy of the State has been determined and recorded by the Legislature in the express language of the statute, namely, that the Board of Education has the power to remove at pleasure any local school board of any local school board district, having in mind that the members of a local school board have no fixed term of office and have no tenure.

It is our further opinion that the Board of Education had ample basis for the suspension of the local governing board. There is sufficient allegation here, not disputed, that the local board and its administrator failed and refused to obey the lawful directives of the Board of Education.

It is the clear intent of the statute (L. 1968, ch. 568, § 1, subd. 4, par. a, subpar. [5]; § 1, subd. 4, par. a, subpars. [1], [3]; Education Law, § 2564, subd. 2) and of the decentralization plan with its delegation of certain functions to local school boards, which has been approved by the Board of Regents, that all local school boards and their administrators, including the Ocean Hill-Brownsville Board and its Administrator, even with respect to the delegated functions and the exercise thereof, are subject to the control, supervision, and directives of the Board of Education and its Superintendent of Schools. The Board of Education and its Superintendent are, and were intended to be, paramount and superior. No local school board, or its administrator, is, or was intended to be, autonomous. Any other result would lead to chaos in the administration of a unified system of education.

The judgment should be affirmed, without costs.

BELDOCK, P. J., CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

Judgment affirmed, without costs.