■ In the Matter of DUNCAN MACRAE, Individually and as President of Professional Firefighters Association, Inc., of the City of White Plains, et al., Appellants, v JOHN DOLCE, Individually and as Commissioner of the Department of Public Safety of the City of White Plains, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commission of Public Safety of the City of White Plains, dated December 18, 1984, which denied the petitioners' request for certain material pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.)*, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Owen, J.), dated October 17, 1985, which confirmed that determination and dismissed the petition.

Ordered that the judgment is modified, on the law, by deleting from the first decretal paragraph thereof the provision denying the petition on the merits in all respects, and substituting therefor a provision granting the petition to. the extent of granting the petitioners access to the five "response times" at page 88 of the document in question, and otherwise dismissing the petition on the merits; as so modified, the judgment is affirmed, with costs to the petitioners; the respondents' time to furnish the petitioners with the five "response times" is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

The petitioners seek access to a document prepared as a joint study by the White Plains Department of Planning and the White Plains Department of Public Safety to aid in planning the placement of fire stations in the City of White Plains. The Freedom of Information Law protects against the disclosure of "inter-agency or intra-agency materials", predecisional memoranda or other nonfinal recommendations prepared to assist an agency decision maker (Public Officers Law § 87 [2]; *Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131). The present document falls within this exception as it is a predecisional draft. However, Public Officers Law § 87 (2) (g) (i) provides that access should be provided to material in such a document that constitutes "statistical or factual tabulations or data". As the five actual response times on page 88 of the present document fall within this category, they should be disclosed to the petitioners. The respondents' argument that the small amount of factual matter in the document is converted into an expression of opinion by the preponderance of

estimates and opinions also contained in the document, is without merit *(see, Matter of Xerox Corp. v Town of Webster, supra,* at 133; *Ingram v Axelrod,* 90 AD2d 568).

Although we are modifying the judgment and granting the petition to some extent, the petitioners are not entitled to counsel fees pursuant to Public Officers Law § 89 (4) (c) (i) because the response times sought by the petitioners are not "of clearly significant interest to the general public". Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.