■ In the Matter of GEORGE F. WURSTER, Appellant, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Yesawich, Jr., J. Appeal from that part of a judgment of the Supreme Court (Plumadore, J.), entered August 26, 1988 in Clinton County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, for, inter alia, an award of counsel fees.

Petitioner, a paralegal for Prisoners' Legal Services of New York, requested under the Freedom of Information Law (hereinafter FOIL; Public Officers Law art 6) the names of inmates confined in a special housing unit (hereinafter SHU) of Clinton Correctional Facility in Clinton County, which is administered by respondents. The request was denied, and following

an unsuccessful administrative appeal petitioner brought this CPLR article 78 proceeding to compel the sought-after disclosure and for counsel fees (see, Public Officers Law § 89 [4] [c]). Supreme Court, adverting to *Matter of Bensing v LeFevre* (133 Misc 2d 198), granted petitioner access to the SHU inmate list, but denied the application for counsel fees. Petitioner appeals from that denial; we affirm.

Counsel fees are recoverable in a FOIL proceeding only if three statutory criteria have been met: (1) the solicitor of information "substantially prevailed", (2) the agency from which the information was sought "lacked a reasonable basis in law" for withholding it, and (3) the information was of "clearly significant interest to the general public" (Public Officers Law § 89 [4] [c]). Without question, the first two criteria have been met. As to the third, petitioner initially did not disclose why the list of names was sought but later indicated that the request was made "with an eye to possible litigation", presumably a potential lawsuit which might result in rectifying unconstitutional conditions of confinement. Supreme Court correctly noted that the use to which the names being sought is put may eventually prove to be of significant interest to the general public, that is, "if [p]etitioner institutes and prevails in a suit based on conditions in S.H.U., but standing alone as they are at this stage the names are of little or no interest to the general public (see, e.g., *[Matter of] MacRae* v. *Dolce,* 130 AD 2d 577)".

An award of counsel fees under FOIL is within the sound discretion of the trial court (*Matter of Friedland v Maloney,* 148 AD2d 814). Supreme Court's judgment that the purely speculative value of the list of names, unconnected as it is to any alleged wrongdoing, precluded such an award is not, in our view, an abuse of discretion.

Furthermore, we are not disposed to adopt petitioner's suggestion that he is entitled to counsel fees merely because respondents withheld the list without apparent justification, for that hypothesis effectively nullifies Public Officers Law § 89 (4) (c) (i) (see, *Alliance for Responsible CFC Policy v Costle,* 631 F Supp 1469, 1471; cf., *Matter of Ocean Hill-Brownsville Governing Bd. v Board of Educ.,* 30 AD2d 447, 451, affd 23 NY2d 483).

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.