*972 OPINION OF THE COURT
Kenneth H. Lange, J.
This is a CPLR article 78 proceeding wherein petitioner seeks an order annulling a decision made by respondent Town Board of the Town of Greenburgh dated March 13, 1991, which denied petitioner’s request for certain information pursuant to the Freedom of Information Law, and directing respondents to provide all requested information.
Petitioner, Planned Parenthood of Westchester Inc., is a not-for-profit New York corporation located at 175 Tarrytown Road, in the Town of Greenburgh. On February 2, 1991, members of the antiabortion organization, Operation Rescue, demonstrated at petitioner’s premises, at which time 121 individuals were arrested by the Greenburgh Police Department, and charged with the violation of disorderly conduct, a noncriminal offense. For identification purposes, each individual was photographed alongside a Greenburgh Police Officer.
Petitioner, pursuant to the Freedom of Information Law (FOIL), thereafter requested the names and addresses and photographs of the 121 arrestees. The Greenburgh Police Department denied petitioner’s application. An appeal of the denial was then made to respondent Town Board of the Town of Greenburgh. Prior to a decision by the Town Board, the District Attorney’s office of Westchester County released the names and addresses of the 121 individuals.
By decision dated March 13, 1991, and certified March 20, 1991, respondent Town Board, by a vote of four to one, denied the disclosure of the 121 photographs: "because [the photographs] were compiled for law enforcement purposes and if disclosed would interfere with law enforcement investigations or judicial proceedings and would deprive a person of a right to a fair trial or impartial adjudication and if disclosed would constitute an unwarranted invasion of personal privacy.” The Town Board reasoned that the requested photographs "would seriously and irreparably interfere with pending prosecutions”; that petitioner had failed to demonstrate a "need” for the photographs; that the photographs will be evidence at trial; and that the photographs portray the arrestees: "in a humiliating and unduly degrading position the disclosure of which would result in personal hardship to the subject party and is exempt from disclosure.”
Petitioner thereafter brought the instant proceeding seeking an order directing disclosure of the photographs or, in the *973 alternative, an in camera review by this court; and attorney’s fees. Petitioner contends that denial of disclosure by the Town Board was arbitrary and illegal. Specifically, petitioner asserts that there is no requirement to demonstrate "need”; that the photographs are not evidence; that the photographs are not humiliating or degrading; that disclosure would not impair a fair trial nor cause an unwarranted invasion of privacy; and that the record does not support a finding that the photographs were compiled for law enforcement purposes.
Respondents contend that these photographs are exempt from disclosure under FOIL; that disclosure would result in an unwarranted invasion of privacy which would cause personal hardship to the arrestees; that 78 photographs have been sealed pursuant to CPL 160.55; and that the remaining 43 photographs will be needed at forthcoming trials. Respondents assert that their strongest argument is the privacy exemption, and that the 78 sealed photographs were not introduced into evidence at trial.
The legislative intent of the Freedom of Information Law is set forth in section 84 of the Public Officers Law. Section 84 reads as follows:
"The legislature hereby finds that a free society is maintained when government is responsive and responsible to the public, and when the public is aware of governmental actions. The more open a government is with its citizenry, the greater the understanding and participation of the public in government * * *
"The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free press, should have access to the records of government in accordance with the provisions of this article.”
A governmental agency therefore must make available for public inspection all agency documents unless specifically exempted in Public Officers Law § 87 (2) which states:
"such agency may deny access to records or portions thereof that:
"(a) are specifically exempted from disclosure by state or federal statute;
"(b) if disclosed would constitute an unwarranted invasion of personal privacy * * *
"(e) are compiled for law enforcement purposes and which, if disclosed, would:
*974 "i. interfere with law enforcement investigations or judicial proceedings;
"ii. deprive a person of a right to a fair trial or impartial adjudication”.
If an exemption is claimed by an agency: "the burden lies with the agency 'to articulate particularized and specific justification’, and to establish that 'the material requested falls squarely within the ambit of [the] statutory exemptions.’ ” (Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 83.)
The Court of Appeals in Matter of Capital Newspapers v Burns (67 NY2d 562, 566-567) followed the reasoning in Farbman (supra), and went on to hold: "Moreover, because FOIL has made full disclosure by public agencies a public right, the status or need of the person seeking access is generally of no consequence in construing FOIL and its exemptions.” (Emphasis added.)
In this case, 78 of the 121 arrestees have been prosecuted and their files sealed by order of the Greenburgh Town Court pursuant to CPL 160.55 (1) (a). This sealing provision of the Criminal Procedure Law also directs the forthwith return of all photographs to these individuals. The photographs relating to these cases were not marked into evidence, and were not made a part of the public trial record. Nor is a FOIL request a specified exception to this sealing provision. (CPL 160.55 [1] [d].) Petitioner’s application for disclosure of these 78 photographs is therefore moot.
The remaining 43 cases are pending in the Greenburgh Town Court. Although the 43 photographs in these 43 cases were compiled for law enforcement purposes, there is no indication in the record as to how a disclosure of these 43 photographs would "interfere with law enforcement investigations or judicial proceedings” or "deprive a person of a right to a fair trial”. (Public Officers Law § 87 [2] [e] [i], [ii].) In fact, respondent’s claim that law enforcement proceedings would be impaired is not supported by the record, and is merely conclusory in nature. (See, Matter of Capital Newspapers v Burns, supra, at 570.)
Nor are the 43 unsealed photographs exempt from FOIL as an unwarranted invasion of privacy. Respondents fail to satisfy their burden of proving this exemption. Nothing in the record supports a finding that disclosure "would result in economic or personal hardship to the subject party.” (Public *975 Officers Law § 89 [2] [b] [iv].) Again, respondents submit mere conclusory statements to the court. (See, Matter of Capital Newspapers v Burns, supra, at 570.) No affidavit has been submitted from any of the 43 subject individuals explaining how disclosure would cause personal hardship. The names and addresses of these 43 individuals have been released, and to claim an unwarranted invasion of personal privacy appears inconsistent and contrary to the intent and purpose of Operation Rescue. These individuals seek notoriety in order to highlight and publicize their position against abortion.
Accordingly, based upon the facts and circumstances presented, the Town Board’s decision of March 13, 1991 is annulled, and respondents are directed to disclose the 43 photographs which have not been sealed pursuant to CPL 160.55. Before disclosure is made, the 43 photographs, along with a proposed redacted version, must be presented to this court within 10 days of receipt of this decision and order for an in camera review to determine whether any portion of the photographs should be redacted as "humiliating and unduly degrading.” Finally, petitioner’s request for attorney’s fees under Public Officers Law § 89 (4) (c) is denied. There has been no showing that the requested material is "of clearly significant interest to the general public.” (Public Officers Law § 89 [4] [c]; Matter of MacRae v Dolce, 130 AD2d 577, 578; Wurster v LeFevre, 152 AD2d 810, 811.)