OPINION OF THE COURT
Darrell L. Gavrin, J.
Petitioner is the founder of Citizens Information Associates which operates a website called “Busted!” “Busted!” is a commercial website that generates revenue by posting arrest records of inmates, including their names, addresses, dates of birth, and photographs, and then charging a $68 fee to remove this personal information from the website.
On September 7, 2011, petitioner sent a letter to respondents requesting the following information pursuant to the Freedom of Information Law (FOIL):
“[B]ooking photos/mugshots on every individual arrested by and/or booked into all of the New York City Department of Corrections’ jails, prisons, detention and/or correctional facilities from August 1, 2011 to August 31, 2011, and I would like the information to be prepared in their original electronic format, although we can accept virtually any electronic format. I would like to request the jail/arrest log for the same time period.”
On December 8, 2011, respondents supplied petitioner with the name, admission date, age, sex, race, place of birth, and offense for each inmate whose records had not been sealed. Pursuant to Public Officers Law § 87 (2) (b) and (f), respondents refused to provide the address, date of birth, photograph, and bond information of inmates averring that disclosure of such information “would constitute an unwarranted invasion of personal privacy and could endanger the life or safety of any person.”
On December 13, 2011, petitioner filed an administrative appeal. On January 4, 2012, respondents upheld their December 8, 2011 determination of petitioner’s FOIL request. Thus, petitioner exhausted his administrative remedies and on May 3, 2012, he commenced this CPLR article 78 proceeding, seeking disclosure of the requested dates of birth, home addresses and photographs of inmates. Petitioner contends that the decision of respondents to withhold such information was arbitrary and capricious, and an abuse of discretion.
*943 FOIL was enacted to promote open government and public accountability by imposing upon governmental agencies a broad duty to make their records available to the public (Public Officers Law § 84; Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 74 AD3d 1417 [3d Dept 2010]). FOIL provides that government records are presumptively available for public inspection unless a statutory exemption applies. Courts must narrowly construe FOIL exemptions, and the agency that seeks to prevent disclosure bears the burden of demonstrating that the requested material falls squarely within an exemption “by articulating a particularized and specific justification for denying access.” (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986].)
Pursuant to CPLR 7803 (3), the court’s review is limited to whether the decision by the agency was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious or an abuse of discretion. The court’s function is not to substitute its judgment for that of the agency being reviewed, but merely to determine whether proper procedures have been followed (Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine, 295 AD2d 944 [4th Dept 2002]; Matter of Shepotkin v Kordonsky, 14 Misc 3d 1216[A], 2007 NY Slip Op 50045[U] [Sup Ct, Kings County 2007]).
In the case at bar, respondents contend that the dates of birth, home addresses and photographs of inmates are exempt from production under Public Officers Law § 89 (2) (b); the disclosure of the requested information would amount to an unwarranted invasion of a person’s privacy, resulting in economic and/or personal hardship to inmates; and the information is not relevant to the work of the agency maintaining it.
Pursuant to Public Officers Law § 87 (2) (b), an agency may deny a FOIL request for records that, if disclosed, would amount to an unwarranted invasion of personal privacy under the provisions of Public Officers Law § 89 (2).
Public Officers Law § 89 (2) (b) provides that an unwarranted invasion of personal privacy includes, but shall not be limited to:
“i. disclosure of employment, medical or credit histories or personal references of applicants for employment;
“ii. disclosure of items involving the medical or personal records of a client or patient in a medical *944 facility;
“iii. sale or release of lists of names and addresses if such lists would be used for solicitation or fund-raising purposes;
“iv. disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it;
“v. disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency;
“vi. information of a personal nature contained in a workers’ compensation record, except as provided by section [110-a] of the workers’ compensation law; or
“vii. disclosure of electronic contact information, such as an e-mail address or a social network user-name, that has been collected from a taxpayer under section one hundred four of the real property tax law.”
Respondents have demonstrated a particularized and specific justification for withholding the dates of birth and addresses of inmates. Respondents assert that the dates of birth and addresses of inmates are not relevant or essential to their work, as it is primarily charged with the duty of detaining inmates and preparing them for successful reentry into the community. This personal information has been reported to respondents in confidence and the information is not relevant to the ordinary work of the New York City Department of Correction.
Petitioner’s reliance on the advisory opinion of the Committee on Open Government (Comm on Open Govt FOIL-AO-14373 [2003]), which found that dates of birth of inmates should be disclosed under FOIL, while instructive, is not binding on this court (Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488 [1994]). Furthermore, the assertion that an individual’s date of birth and home address may be available to the public from other sources neither dissolves an individual’s privacy interest in that information nor does it foreclose an agency’s grant of access to such records falling within a FOIL exemption (Matter of Hearst Corp. v State of New York, 24 Misc 3d 611, 629 [2009]).
*945 In view of the privacy interests at stake, disclosure of the records of respondents containing dates of birth and home addresses, and other personal information of inmates could easily be used to facilitate identity theft, thereby resulting in both economic and personal hardship to inmates (Matter of Scott, Sardana & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294 [1985]). The dates of birth of inmates, who enjoy a lesser degree of privacy, have been protected from disclosure under FOIL (Matter of Investigation Tech., LLC v Horn, 4 Misc 3d 1023[A], 2004 NY Slip Op 51010[U] [2004]). The decision of respondents to deny petitioner access to dates of birth and addresses of inmates was not arbitrary and capricious nor was it an abuse of discretion.
As to that branch of the petition which seeks photographs, respondents properly withheld photographs of inmates as the disclosure would constitute an unwarranted invasion of privacy resulting in personal and/or economic hardship to inmates. Specifically, respondents contend that “the department is not privy to the circumstances surrounding any trials, court appearances, and possible cooperation with enforcement” and the release of inmate photographs could expose them to harm. Furthermore, inmates will suffer economic hardship if their photographs are released because petitioner intends to post these photographs on his website and then demand a $68 fee to remove each photograph. Given the earning capacity of inmates, the $68 fee is quite steep. If the fee is not paid, an inmate’s photograph and other information will remain on the website, causing personal and economic hardship due to the notorious nature of the photograph which would be readily available to a prospective employer, creditor, potential landlord, or the like (Bursac v Suozzi, 22 Misc 3d 328 [2008]).
Respondents also claim inmate photographs are exempt from FOIL disclosure because disclosure will endanger the lives and safety of inmates and their family members. In support of their argument, respondents submitted the affidavit of E. Perez, Assistant Chief of Security for Department of Correction. Mr. Perez states that he has more than 20 years experience and explains that the majority of violence in jails is gang-related. He opines that the release of photographs of inmates would increase gang violence targeted at inmates and their family members. Personal information such as names, addresses and photographs of gang members in jail, which is ordinarily not available to gang members outside the prisons, would be more readily available *946 through exposure on the Internet; this exposure would endanger the lives and safety of inmates. Interestingly, petitioner did not rebut the affidavit of Mr. Perez.
In opposition, petitioner relies on the advisory opinion of the Committee on Open Government (Comm on Open Govt FOIL-AO-15904 [2006]), which held that mug shots should be disclosed under FOIL. As previously discussed, although this court will consider the advisory opinion, it is not bound by it (Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488, 493 [1994]). Significantly, to support its opinion, the Committee on Open Government cited Planned Parenthood of Westchester v Town Bd. of Town of Greenburgh (154 Misc 2d 971 [1992]), in which the court found that the disclosure of mug shots did not constitute an unwarranted invasion of privacy. In that case, the decision of the court was based upon respondents’ failure to meet their burden of proving the privacy exemption because, unlike the case at bar, respondents submitted mere conclusory statements to the court.
Respondents have provided particularized reasons justifying their decision to deny petitioner access to inmate photographs. Relying on FOIL, petitioner is attempting to collect information from respondents in order to exploit inmates for his economic gain, with little concern for their economic and personal hardships. Petitioner seeks the personal information of inmates to solicit business for his website “Busted!” It is apparent to this court that respondents have followed proper procedures and the decision to deny access to photographs of inmates was not arbitrary and capricious nor an abuse of discretion.
As to that branch of the petition seeking to modify the denial of petitioner’s FOIL request for dates of birth, home addresses and photographs for inmates whose records were sealed, this court finds that respondents properly withheld access to such records (Matter of Acosta v Phillips, 193 AD2d 732 [2d Dept 1993]; Bursac, 22 Misc 3d at 339-341). Pursuant to Public Officers Law § 87 (2) (a), an agency may deny a FOIL request for records which are “specifically exempted from disclosure by state or federal statute.” Criminal Procedure Law § 160.50 provides that criminal records are sealed and shall not be made available to any person or public or private agency upon the termination of a criminal action in favor of the accused. The statute further states that, upon termination and sealing, all photographs must be destroyed or returned to the individual (CPL 160.50 [1] [a]). As such, the dates of birth, home addresses *947 and photographs of inmates whose records have been sealed are exempt from FOIL disclosure. These records have been ordered sealed for a reason.
As to that branch of petitioner’s application that objected to the format of the records provided and sought an original electronic format, this court finds that respondents followed proper procedure. Public Officers Law § 87 (5) (a) provides that “[a]n agency shall provide records on the medium requested by a person, if the agency can reasonably make such copy or have such copy made by engaging an outside professional service.” FOIL does not distinguish between records stored in paper or electronic format; if records are maintained electronically by an agency and are retrievable with reasonable effort, that agency is required to disclose the information. If the agency does not maintain the records in a transferable electronic format, then the agency should not be required to create a new document to make its records transferable. A simple minor manipulation of the computer necessary to transfer existing records should not, if it does not involve significant time or expense, be treated as the creation of a new document. (Matter of Data Tree, LLC v Romaine, 9 NY3d 454 [2007].)
In the case at bar, petitioner’s FOIL request sought the “jail/ arrest log in its original database electronic format ... although we can accept virtually any electronic format.” Respondents provided petitioner with the requested data in PDF format via email. In petitioner’s administrative appeal, he asserted that PDF format is not an electronic format and requested that the data be provided to him “in its original database electronic format, or some other electronic format such as text or excel.” By letter dated January 4, 2012, respondents stated that disclosing the requested data in its original format would also require disclosure of metadata consisting of the entire inmate information database, which would include information or records not requested or confidential information such as sealed records and juvenile records, which are exempt from FOIL disclosure. Thus, respondents provided petitioner with the nonexempt information contained in the jail/arrest logs by creating a computer program to specifically comply with the FOIL request. The decision of respondents to provide information in this format was not arbitrary and capricious nor an abuse of discretion.
Pursuant to Public Officers Law § 89 (4) (c), petitioner is requesting counsel fees and costs. Reasonable attorney’s fees *948 and litigation costs may be awarded in a FOIL proceeding in which the party requesting the records has substantially prevailed. Petitioner did not prevail and is not entitled to counsel fees and costs.
Accordingly, it is ordered and adjudged that the petition is denied.