■ In the Matter of PHILIP SEELIG et al., Respondents, v ALLYN R. SIELAFF, as Correction Commissioner of the City of New York, et al., Appellants. [607 NYS2d 300] —Judgment of Supreme Court, New York County (Carol Huff, J.), entered September 1, 1992, which, in a proceeding pursuant to CPLR article 78, *inter alia,* enjoined respondents from further releasing the social security numbers of correction officers in

response to inquiries by third persons without express written consent of such officers, compelled the promulgation of procedural safeguards and the formulation and implementation of internal rules and regulations to protect the confidentiality of personal information about correction officers, unanimously reversed on the law, without costs, the judgment vacated and the proceeding converted to one for a declaratory judgment and the declaration made that the release of the correction officers' social security numbers by the respondents in response to a request pursuant to Public Officers Law § 87 constituted an unwarranted invasion of the officers' privacy (Public Officers Law § 89 [2]).

This State's Freedom of Information Law (Public Officers Law § 84 *et seq.)* provides that the agency may deny access to records where the disclosure would constitute an unwarranted invasion of privacy (Public Officers Law § 87 [2] [b]; § 89 [2]). It has been held that pursuant to the Federal Freedom of Information Law (5 USC § 552 [b] [6]) the release of social security numbers constitutes an unwarranted invasion of privacy *(Norwood v Federal Aviation Admin.,* 993 F2d 570, 575; *International Bhd. of Elec. Workers v United States Dept. of Hous. & Urban Dev.,* 852 F2d 87). The situation presented in this case is analogous to those presented in the cited Federal actions. Consequently, we find the release of social security numbers herein to have been an unwarranted invasion of the correction officers' privacy.

The injunctive relief granted by the IAS Court was based upon Public Officers Law § 92 (1), part of this State's Personal Privacy Protection Law. That law by its own terms excepts the judiciary, the State Legislature and "any unit of local government" from its purview (Public Officers Law § 92 [1]). Consequently, the relief granted against the respondents based upon that law was improper.

Motion for reargument or leave to appeal to the Court of Appeals granted wherein reargument is sought, and, upon reargument, the unpublished order of this Court entered on November 9, 1993 is recalled and vacated. The motion is otherwise denied. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.