■ In the Matter of VERIZON NEW YORK, INC., Respondent, v CHRISTOPHER BRADBURY et al., Respondents, and CABLEVISION SYSTEMS CORPORATION, INC., Appellant. [837 NYS2d 291]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Rye Brook, dated September 21, 2005, which determined that documents submitted by Verizon New York, Inc., in connection with preliminary negotiations for a cable television franchise, were not subject to a Freedom of Information Law exemption to disclosure, Cablevision Systems Corporation, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Adler, J.), dated November 1, 2005, as granted that branch of the petition which was to determine that the exemption set forth in Public Officers Law § 87 (2) (c) was applicable to the requested documents and prohibited their disclosure until such time as Verizon New York, Inc., submitted a formal request for a franchise agreement to the Village of Rye Brook.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the petition is denied in its entirety.

Verizon New York, Inc. (hereinafter Verizon), entered into discussions with representatives of the Village of Rye Brook (hereinafter Rye Brook) in connection with obtaining a franchise to provide cable televison service to residents of Rye Brook. Verizon provided Rye Brook with an initial draft of a cable franchise agreement and requested that Rye Brook protect the confidentiality of all submitted documents, pursuant to certain exemptions from disclosure set forth in the Freedom of Information Law (hereinafter FOIL), specifically Public Officers Law § 87 (2) (c) and (d).

Cablevision Systems Corporation, Inc. (hereinafter Cablevision), was the sole provider of cable television service to Rye Brook. Cablevision made a FOIL request to Rye Brook on August 25, 2005, requesting all documents submitted by Verizon.

On September 21, 2005 Rye Brook informed Verizon that the documents submitted by Verizon were subject to disclosure under FOIL, as neither of the referenced exemptions (Public Officers Law § 87 [2] [c], [d]), was applicable. Verizon commenced this proceeding pursuant to CPLR article 78 for review of the determination made by Rye Brook.

The Supreme Court determined that the exemption from disclosure under Public Officers Law § 87 (2) (d) was not applicable, finding Verizon's assertion of a substantial competitive injury, if disclosure were made, to be conclusory. The court determined, however, that the exemption contained in Public Officers Law § 87 (2) (c) was applicable to the Verizon documents, finding the documents related to a multi-party negotiation, and thus their disclosure would impair an imminent contract award. The Supreme Court, inter alia, prohibited Rye Brook from disclosing the documents until such time as Verizon submitted a formal request for a franchise agreement.

On appeal, Verizon argues that if this Court determines that the Supreme Court erred in finding the Public Officers Law § 87 (2) (c) exemption applicable, it would nonetheless be entitled to prohibition of disclosure pursuant to the exemption set forth in Public Officers Law § 87 (2) (d) (see *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]).

The disclosure provisions of FOIL are required to be given an expansive interpretation and the statutory exemptions to disclosure are to be viewed narrowly (see *Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359 [2002]). The entity claiming an exemption has the burden of showing that the requested material falls squarely within the ambit of one of the statutory exemptions (*id*; see also Public Officers Law § 89 [5] [e]). The entity resisting disclosure, whether an agency of government or the provider of the information, must articulate a particularized and specific justification for denying access (see *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562 [1986]).

The two exemptions from disclosure of documents relevant to this appeal authorize an agency to deny access to records that:

"(c) if disclosed would impair present or imminent contract awards or collective bargaining negotiations; [or]

"(d) are trade secrets or are submitted to an agency by a com-

mercial enterprise . . . and which if disclosed would cause substantial injury to the competitive position of the subject enterprise" (Public Officers Law § 87 [2]).

These exemptions primarily protect different interests—interests that are not incompatible and may at times overlap. The exemption set forth in Public Officers Law § 87 (2) (c) primarily protects the interests of an agency in achieving the optimum result in awarding a contract to a supplier of goods or services or in reaching a collective bargaining agreement. The exemption set forth in Public Officers Law § 87 (2) (d) protects the interests of a commercial enterprise in avoiding a significant competitive injury as a result of disclosure of information it provided to an agency, thereby fostering the state's economic development efforts to attract business to New York (*see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410, 420 [1995]).

The two exemptions could overlap in a competitive bidding situation. In such a scenario, the disclosure of documents could result in an inequality of knowledge amongst the bidders, depriving the agency of the benefits of the competitive bidding process, and depriving the bidder with the resulting lesser knowledge of a fair opportunity to be awarded the contract (*see* NY State Comm on Open Govt, FOIL Advisory Ops 12341, 15126).

Verizon and Cablevision, however, are not competitors for the issuance of a sole cable television franchise for Rye Brook. The disclosure of the documents will not impair Verizon's discussions and negotiations with Rye Brook. Thus, contrary to the Supreme Court's conclusion, Verizon failed to meet its burden of showing that the documents fall squarely within the ambit of Public Officers Law § 87 (2) (c).

Moreover, Verizon failed to establish the specific harm it would suffer if the documents were disclosed. Thus, the Supreme Court correctly determined that the documents were not exempt from disclosure pursuant to Public Officers Law § 87 (2) (d) (*cf. Church of Scientology of N.Y. v State of New York*, 46 NY2d 906 [1979]).

Accordingly, we reverse the judgment insofar as appealed from, and deny Verizon's petition in its entirety. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.