[880 NE2d 10, 849 NYS2d 489]

In the Matter of DATA TREE, LLC, Appellant, v EDWARD P. RO-MAINE, as Suffolk County Clerk, Respondent.

Argued November 14, 2007; decided December 18, 2007

**POINTS OF COUNSEL**

*DLA Piper US LLP,* New York City (*Andrew L. Deutsch* of counsel), for appellant. I. The Appellate Division erred in hold-

ing that once an agency makes a "plausible" claim of a Freedom of Information Law exemption, the burden of proof shifts to the requester to establish that the agency's claim of exemption was erroneous or arbitrary and capricious. (*Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75; *Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359; *Church of Scientology of N.Y. v State of New York*, 46 NY2d 906; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477; *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575; *Matter of Pennington v McMahon*, 234 AD2d 624; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 109 AD2d 92, 67 NY2d 562.) II. The Freedom of Information Law's privacy exemption does not apply to public land records. (*People ex rel. German-American Loan & Trust Co. v Richards*, 99 NY 620; *Matter of Brownstone Publs. v New York City Dept. of Bldgs.*, 166 AD2d 294; *New York Pub. Interest Research Group v Cohen*, 188 Misc 2d 658; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477.) III. The Appellate Division erred in holding that an agency may refuse to comply with a Freedom of Information Law request based upon speculation as to the motives of the requester. (*Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75; *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575; *Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562; *Matter of Brownstone Publs. v New York City Dept. of Fin.*, 150 AD2d 185.) IV. If Data Tree, LLC bore the burden of proof of disproving the County Clerk's claim of a Freedom of Information Law exemption, it was entitled to a trial of contested issues of fact. (*Matter of Wamsley v East Ramapo Cent. School Dist. Bd. of Educ.*, 281 AD2d 633; *Matter of Cialdella v Board of Educ. of Community School Dist. No. 21 of City School Dist. of City of N.Y.*, 252 AD2d 582; *Matter of Jerkens Truck & Equip. v City of Yonkers*, 130 AD2d 576; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Matter of New York Civ. Liberties Union v City of Schenectady*, 2 NY3d 657; *Matter of Doolan v Board of Coop. Educ. Servs., 2d Supervisory Dist. of Suffolk County*, 48 NY2d 341.)

*Christine Malafi, County Attorney,* Hauppauge (*Christopher A. Jeffreys* of counsel), for respondent. I. Compliance with petitioner's request would be an unwarranted invasion of

personal privacy. (*Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106; *Matter of Person-Wolinsky Assoc. v Nyquist*, 84 Misc 2d 930; *Matter of Nicholas*, 117 Misc 2d 630; *Matter of Empire Realty Corp. v New York State Div. of Lottery*, 230 AD2d 270; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477; *Matter of Goodstein v Shaw*, 119 Misc 2d 400; *Department of Air Force v Rose*, 425 US 352; *Wine Hobby USA, Inc. v United States Internal Revenue Serv.*, 502 F2d 133.) II. The information requested requires the creation of a record, which is not the purpose of the Freedom of Information Law. (*Matter of Brownstone Publs. v New York City Dept. of Bldgs.*, 146 Misc 2d 376, 166 AD2d 294; *Matter of Wattenmaker v New York State Employees' Retirement Sys.*, 95 AD2d 910, 60 NY2d 555; *Matter of Cromwell v Ward*, 183 AD2d 459; *Matter of Guerrier v Hernandez-Cuebas*, 165 AD2d 218, 78 NY2d 853; *Matter of O'Shaughnessy v New York State Div. of State Police*, 202 AD2d 508, 84 NY2d 807; *Matter of Reubens v Murray*, 194 AD2d 492; *Matter of Gabriels v Curiale*, 216 AD2d 850; *Matter of Rattley v New York City Police Dept.*, 96 NY2d 873; *Matter of Beechwood Restorative Care Ctr. v Signor*, 5 NY3d 435.) III. Judicial records held by the County Clerk are not subject to the Freedom of Information Law. (*Matter of Weston v Sloan*, 84 NY2d 462; *Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359; *Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ.*, 94 NY2d 162; *Matter of Alderson v New York State Coll. of Agric. & Life Sciences at Cornell Univ.*, 4 NY3d 225; *Matter of Citizens for Alternatives to Animal Labs v Board of Trustees of State Univ. of N.Y.*, 92 NY2d 357.) IV. Petitioner cannot demonstrate that the County Clerk's application of exemptions to the Freedom of Information Law was unreasonable, arbitrary or capricious. (*Daily News Publ. Co. of Memphis, Tenn. v Office of Ct. Admin. of State of N.Y.*, 186 Misc 2d 424; *Matter of Woytisek v Novello*, 309 AD2d 869; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222; *Matter of 4M Holding Co. v Town Bd. of Town of Islip*, 81 NY2d 1053; *Matter of Lyons v Whitehead*, 2 AD3d 638, 1 NY3d 509; *Matter of Norton v Town of Islip*, 17 AD3d 468.) V. Petitioner's request for a hearing in accordance with CPLR 410 and 7804 (h) is not preserved. (*Miller v Village of Wappingers Falls*, 289 AD2d 209; *Matter of DelGaudio v Aetna Ins. Co.*, 262 AD2d 641; *Matter of Sbuttoni*, 16 AD3d 693; *Matter of Nodine v Board of*

*Trustees of Vil. of Baldwinsville,* 44 AD2d 764; *Matter of Ames v Johnston,* 169 AD2d 84; *Matter of 22 Park Place Coop. v Board of Assessors of County of Nassau,* 102 AD2d 893; *Matter of Reisman v Codd,* 54 AD2d 878; *Matter of Royal Bus. School v New York State Dept. of Educ.,* 141 AD2d 170; *Matter of McCabe v County of Dutchess,* 143 AD2d 670.)

*Cowan, Liebowitz & Latman, P.C.,* New York City (*Robert W. Clarida* of counsel), and *Meyer, Klipper & Mohr, PLLC,* Washington, D.C. (*Michael R. Klipper, Christopher A. Mohr* and *David Ludwig* of counsel), for American Business Media and others, amici curiae. I. The Appellate Division's conclusion that the record custodian correctly invoked the privacy exemption under Public Officers Law § 87 (2) (b) results from a misreading and misapplication of both the Freedom of Information Law (FOIL) and this Court's FOIL precedent. (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen,* 69 NY2d 246; *Matter of New York Times. Co. v City of N.Y. Fire Dept.,* 4 NY3d 477; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.,* 79 NY2d 106; *Matter of Fink v Lefkowitz,* 47 NY2d 567.) II. The Appellate Division's reworking of the burden of proof rules regarding the availability of statutory exemptions to disclosure under the Freedom of Information Law is at odds with precedent and will lead to wholesale rejection of traditionally valid public record requests. (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562; *Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575; *Matter of Newsday, Inc. v Empire State Dev. Corp.,* 98 NY2d 359.) III. The court below erred by crafting a new nonstatutory "purpose" or "data mining" exemption that is unsupported by the Freedom of Information Law or judicial precedent. (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562; *Matter of Konigsberg v Coughlin,* 68 NY2d 245; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75.) IV. The Appellate Division's ruling impermissibly usurped the role of the Legislature by creating by judicial fiat a Freedom of Information Law exemption based upon the burdensome nature of a record request.

*Levine Sullivan Koch & Schulz, L.L.P.,* New York City (*David A. Schulz* of counsel), for Advance Publications, Inc. and others, amici curiae. I. The Appellate Division erred in placing the burden of proof on a Freedom of Information Law requester. (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562; *Matter of M. Farbman & Sons v New York City*

*Health & Hosps. Corp.,* 62 NY2d 75; *Matter of Newsday, Inc. v Empire State Dev. Corp.,* 98 NY2d 359; *Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575; *Matter of Fink v Lefkowitz,* 47 NY2d 567; *Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557; *Miller v United States Dept. of State,* 779 F2d 1378; *Department of State v Ray,* 502 US 164; *John Doe Agency v John Doe Corp.,* 493 US 146; *Department of Justice v Tax Analysts,* 492 US 136.) II. The Appellate Division erred by applying different Freedom of Information Law standards to electronic files. (*Matter of Russo v Nassau County Community Coll.,* 81 NY2d 690; *Babigian v Evans,* 104 Misc 2d 140, 97 AD2d 992; *Matter of Guerrier v Hernandez-Cuebas,* 165 AD2d 218, 78 NY2d 853; *Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse,* 65 NY2d 294; *Matter of Gould v New York City Police Dept.,* 89 NY2d 267; *New York Pub. Interest Research Group v Cohen,* 188 Misc 2d 658; *New York State Rifle & Pistol Assn. v Kelly,* 13 Misc 3d 1225[A], 2006 NY Slip Op 51983[U]; *Matter of Kryston v Board of Educ. of E. Ramapo Cent. School Dist.,* 77 AD2d 896.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Kristin M. Helmers* and *Alan G. Krams* of counsel), for City of New York, amicus curiae. The Freedom of Information Law exemption provided for lists of names and addresses, sought for commercial or fund-raising purposes, applies even when the names and addresses are contained in public records. (*Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.,* 73 NY2d 92; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.,* 79 NY2d 106; *Matter of Thomas v City of N.Y. Dept. of Hous. Preserv. & Dev.,* 12 Misc 3d 547; *Matter of Szikszay v Buelow,* 107 Misc 2d 886; *Matter of Kwitny v McGuire,* 102 Misc 2d 124, 77 AD2d 839, 53 NY2d 968.)

## OPINION OF THE COURT

Pigott, J.

The issue presented on this appeal is whether the Suffolk County Clerk is required by the Freedom of Information Law (FOIL) to provide certain land records requested by Data Tree, LLC, a commercial provider of on-line public land records, and if so, whether the records must be provided in the electronic format specified by Data Tree. We hold that questions of fact exist as to whether compliance with such request would require the Clerk to disclose information excluded under the privacy exemption of FOIL and whether the Clerk has the ability to

comply with the request in the format sought by Data Tree. Therefore, we reverse the Appellate Division order denying disclosure and remit the matter to Supreme Court for those determinations.

## I.

Data Tree is a national company that provides on-line public land records such as deeds, mortgages, liens, judgments, releases and maps, and maintains a database of nearly two billion documents, providing its customers with immediate electronic access to the information. Its customers are those entities who purchase, sell, finance and insure property. Data Tree obtains the public land records by requesting them from county clerks, or other public officials who have the responsibility of recording and archiving such documents, throughout the country.

In January 2004, Data Tree, pursuant to FOIL, wrote to the Records Access Officer of the Suffolk County Clerk's Office requesting copies of various public land records from January 1, 1983 to the present. It asked the Clerk to provide these records in "Tiff images or images in the electronic format regularly maintained by the County . . . on CD-ROM or other electronic storage medium regularly used by the County . . . If electronic images are not maintained, then [in] microfilm [format]."

The Clerk failed to respond to the request within the five-day period required by Public Officers Law § 89 (3), thereby constructively denying the request. Upon Data Tree's administrative appeal, the Suffolk County Attorney also denied the request, identifying three reasons: (1) the FOIL request would require rewriting and reformatting of the data, which the Clerk's Office is not required to do; (2) disclosure would constitute an unwarranted invasion of personal privacy due to the volume of the records requested and the commercial nature of Data Tree's business; and (3) the records are available for copying and/or downloading from the computer terminals at the Clerk's Office.

Data Tree then brought the instant CPLR article 78 proceeding seeking a judgment directing the Clerk to provide the records sought along with costs and attorneys' fees.

Supreme Court held that "[t]he Clerk's Office has rightly denied petitioner's request" (2005 NY Slip Op 30134[U], *3). It noted that many of the requested documents are available either by computer or in paper form at the Clerk's Office or on its Web site. Additionally, the court adopted the argument of the

Clerk that the bulk of the remaining documents could not be transferred to the requested form (TIFF) or any other electronic medium without creating a new record. It noted that the Clerk's Office was not required to create a new record where none existed, "particularly when that would be at considerable expense to the taxpayers" (*id*. *4). Finally, the court granted Data Tree's application "for access . . . to the extent the documents are maintained and available in the Clerk's Office, or on the internet" (*id*.). In essence, the court limited the relief sought by Data Tree to allowing it to attend the Clerk's Office during regular business hours and make individual copies of the public documents and/or download the documents available on the Internet at Data Tree's expense.

The Appellate Division affirmed, holding first that the Clerk's Office established an exemption to FOIL, namely, that disclosure of the documents sought would entail an unwarranted invasion of personal privacy (36 AD3d 804 [2d Dept 2007]). The Appellate Division stated that the burden was on the Clerk to prove this exemption and that the Clerk here demonstrated "in a plausible fashion" that the exemption applied (*id*. at 805). The court then shifted the burden to Data Tree to establish that the claim of exemption was erroneous or that the Clerk acted in an arbitrary and capricious manner in attempting to invoke an exemption. The court held that Data Tree failed to meet that burden, stating:

> "To the extent that the request was viewed by the Clerk as data mining, the Clerk determined that such request was clearly within the ambit of the enumerated exemptions to FOIL. In view of the rapid advances in technology, the misuse of that data for purposes unfathomable only a few short years ago is now possible. Whether such raw data (as opposed to the records actually maintained) should be available, and what constraints, if any, should be placed on that access, is a public policy better addressed by the appropriate legislative bodies" (*id*. at 805-806).

The Appellate Division noted that the right to access and copy such public records has not been construed to "require extraordinary efforts by the agency to provide the records in any manner requested and without regard to other statutorily mandated obligations to take prudent efforts to protect the guaranteed privacy interests of the citizens of the state" (*id*. at

806). Thus, it held that the Clerk's refusal was justified in this case both as to the burden imposed and the legitimate desire to protect the privacy of the citizens of Suffolk County. We granted Data Tree leave to appeal.

## II.

FOIL provides the public with broad "access to the records of government" (Public Officers Law § 84). The term "record" is defined to include:

> "[A]ny information kept, held, filed, produced or reproduced by, with or for an agency or the state legislature, in any physical form whatsoever including, *but not limited to*, reports, statements, examinations, memoranda, opinions, folders, files, books, manuals, pamphlets, forms, papers, designs, drawings, maps, photos, letters, microfilms, computer tapes or discs, rules, regulations or codes" (Public Officers Law § 86 [4] [emphasis supplied]).

An agency must "make available for public inspection and copying all records" unless it can claim a specific exemption to disclosure (*see* Public Officers Law § 87 [2]; § 89 [3]). However, the exemptions are to be narrowly interpreted so that the public is granted maximum access to the records of government (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]).

In denying Data Tree's FOIL request, the Clerk relied in part on the privacy exemption, which authorizes each agency to deny access to records or portions of such records that, if disclosed, would constitute an "unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]). The law defines an "unwarranted invasion of personal privacy" with a nonexclusive list of examples (*see* Public Officers Law § 89 [2] [b] [i]-[vi]).

■ Data Tree contends that the Appellate Division used an improper burden-shifting analysis to determine whether the privacy exemption applied in this case. We agree. FOIL is based on a presumption of access to the records, and an agency (in this case the Clerk) carries the burden of demonstrating that the exemption applies to the FOIL request (*see* Public Officers Law § 89 [4] [b]; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 109 [1992]). Contrary to the Appellate Division's view, the Clerk must meet this burden in more than just a "plausible fashion." In order to deny disclosure, the Clerk must show that the requested information "falls squarely within

a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 80 [1984]; *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]). If the Clerk fails to prove that a statutory exemption applies, FOIL "compels disclosure, not concealment" (*Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 580 [1980]). In short, the burden of proof rests solely with the Clerk to justify the denial of access to the requested records.

■ Similarly, it was error for the Appellate Division to conclude that as a matter of law the Clerk met its burden in establishing that the privacy exemption to FOIL applies in this case. Although the court failed to articulate the specific basis for its holding, it remarked that Data Tree is a commercial enterprise and was seeking the documents for "data mining" purposes. However, FOIL does not require the party requesting the information to show any particular need or purpose (*see Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 156 [1999]; *Farbman*, 62 NY2d at 80). Data Tree's commercial motive for seeking the records is therefore irrelevant in this case and constitutes an improper basis for denying the FOIL request.

We note, however, that motive or purpose is not always irrelevant to a request pursuant to FOIL. Public Officers Law § 89 (2) (b) (iii) includes as an "unwarranted invasion of personal privacy" the "sale or release of lists of names and addresses *if such lists would be used for commercial or fund-raising purposes*" (emphasis added; *see Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d 92 [1989] [organization's request denied under FOIL for use in direct mail membership solicitation of names and addresses of persons holding rifle or shotgun permits]). That particular exemption does not apply in this case however because Data Tree is not seeking a list of names and addresses to solicit any business. Rather, Data Tree is seeking public land records for commercial reproduction on line.

We conclude that a question of fact exists in this case as to whether the privacy exemption applies to the records because some of the documents requested may contain private information, such as Social Security numbers and dates of birth (*see Matter of Seelig v Sielaff*, 201 AD2d 298 [1st Dept 1994] [release

of officers' Social Security numbers in response to request pursuant to FOIL constituted unwarranted invasion of officers' privacy]). However, even when a document subject to FOIL contains such private, protected information, agencies may be required to prepare a redacted version with the exempt material removed (*see* Public Officers Law § 89 [2] [c] [i]; *see e.g. Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294 [1985]). We therefore remit this matter to Supreme Court to determine (upon an in camera inspection of a representative sample of the documents, if necessary) whether any of the records contain information exempt from disclosure on the basis of privacy, and whether that information can be redacted.

## III.

As another basis for its denial of disclosure, the Clerk contends that Data Tree's FOIL request requires the creation of a new record. An agency is not required to create records in order to comply with a FOIL request, as Public Officers Law § 89 (3) (a) provides: "Nothing in this article shall be construed to require any entity to prepare any record not possessed or maintained by such entity." Thus, an agency has no obligation to accommodate a request to compile data in a preferable commercial electronic format when the agency does not maintain the records in such a manner.

Nonetheless, FOIL does not differentiate between records stored in paper form or those stored in electronic format. As stated earlier, the term "record" means, among other things, "computer tapes or discs." Disclosure of records is not always necessarily made by the printing out of information on paper, but may require duplicating data to another storage medium, such as a compact disc.* Thus, if the records are maintained electronically by an agency and are retrievable with reasonable effort, that agency is required to disclose the information. In

---

* Indeed, the Legislature contemplated disclosure by electronic means when Public Officers Law § 89 (3) was amended by adding a new paragraph (b) to read:

"All entities shall, provided such entity has reasonable means available, accept requests for records submitted in the form of electronic mail and shall respond to such requests by electronic mail, using forms, to the extent practicable, consistent with the form or forms developed by the committee on open government pursuant to subdivision one of this section and provided that the written requests do not seek a response in some other form."

such a situation, the agency is merely retrieving the electronic data that it has already compiled and copying it onto another electronic medium. On the other hand, if the agency does not maintain the records in a transferable electronic format, then the agency should not be required to create a new document to make its records transferable. A simple manipulation of the computer necessary to transfer existing records should not, if it does not involve significant time or expense, be treated as creation of a new document.

This does not mean, however, that an agency must accord a commercial entity any more or less access to records than any other citizen. Section 89 (3) of the Public Officers Law requires that upon receipt of a request, an agency has five business days in which it must either grant access to the records, deny access or furnish a written acknowledgment of the receipt of such request. When such acknowledgment is given, it must include a statement of the approximate date when the request will be granted or denied. Further, Public Officers Law § 87 provides that the agency may establish procedures including the time and place when such records will be made available, the persons from whom such records may be obtained and the fees for copies of records. Thus, there is no specific time period in which the agency must grant access to the records. Indeed, the time needed to comply with the request may be dependent on a number of factors, including the volume of the request and the retrieval methods. Therefore, complying with a commercial entity's request for an enormous number of records may require substantial time and expense by the Clerk's Office and may not, absent an agreement providing otherwise, require the Clerk to provide such records in a time other than that which is reasonable in view of the attendant circumstances.

Here, the Clerk argues that he does not maintain the information in the electronic form requested by Data Tree. The Clerk submitted the affidavit of the Director of Optical Imaging for the Suffolk County Clerk's Office who avers that the Clerk's Office would need to have a separate computer program written that would permit the information to be readable on a compact disc or other electronic means. He further states that under the current computer system he is unable to redact all of the private information prior to reproduction. In response, Data Tree proffered the affidavit of its senior software engineer, who claims, by giving examples, that the Clerk could comply with the FOIL request without any computer programming. Further, Data Tree

emphasizes that its FOIL request merely asks that the records be provided in any "electronic format regularly maintained by the County." Based on these submissions, questions of fact exist as to whether disclosure may be accomplished by merely retrieving information already maintained electronically by the Clerk's Office or whether complying with Data Tree's request would require creating a new record.

Further, privacy concerns may also exist with respect to the information contained in the electronic format requested by Data Tree. If such information cannot be reasonably redacted from the electronic records, then such records may not be subject to disclosure under FOIL. We therefore remit the matter to Supreme Court to consider these issues in determining whether the Clerk must comply by providing the records in an electronic format requested by Data Tree.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, without costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order, insofar as appealed from, reversed, etc.