■ In the Matter of VERIZON NEW YORK, INC., Respondent, v MICHAEL C. MILLS et al., Respondents. CABLEVISION SYSTEMS CORPORATION, INC., Appellant. [875 NYS2d 572]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of the Village of Elmsford, dated May 24, 2007, granting a Freedom of Information Law request by Cablevision Systems Corporation, Inc., and to enjoin the enforcement of the determination, the appeal is from a judgment of the Supreme Court, Westchester County (DiBella, J.), entered August 14, 2007, which granted the petition and annulled the determination.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by adding thereto a provision remitting the matter to the Board of Trustees of the Village of Elmsford to determine whether to grant the Freedom of Information Law request as a matter of discretion; as so modified, the judgment is affirmed, without costs or disbursements.

In January 2007 the petitioner, Verizon New York, Inc. (hereinafter Verizon), entered into a cable franchise agreement (hereinafter the agreement) with the Village of Elmsford to provide cable television and other cable services to residents of the Village. Pursuant to the agreement, Verizon was required to pay the Village a franchise fee based on a percentage of its annual gross revenues derived from the operation of its cable system in the Village. Verizon also was obligated to submit quarterly reports (hereinafter franchise reports) containing the basis for the computation. By letter dated May 14, 2007, Verizon submitted a franchise report for the first quarter of 2007, which set forth, in detail, its revenues, broken down by month and by category. Verizon requested that the Village keep the franchise report confidential and that it deny any request for it from "Cablevision or others" pursuant to the Freedom of Information Law (see Public Officers Law § 84 et seq.) (hereinafter FOIL).

By letter dated May 24, 2007, Cablevision Systems Corpora-

tion, Inc. (hereinafter Cablevision), made a FOIL request for copies of Verizon's franchise report. The same day, the Village notified Verizon by e-mail that it intended to grant Cablevision's request, inasmuch as the Village did "not intend to become an arbiter of pending disputes between" Verizon and Cablevision. Verizon brought this proceeding pursuant to CPLR article 78, inter alia, to review that determination, arguing that the reports were exempt from disclosure under FOIL pursuant to Public Officers Law § 87 (2) (d), which allows an agency to deny access to records submitted by a commercial enterprise "which if disclosed would cause substantial injury to the competitive position of the subject enterprise." The Supreme Court, among other things, granted that branch of Verizon's petition which was to annul the determination to provide the franchise report to Cablevision. We modify.

The Freedom of Information Law requires state and municipal agencies to "make available for public inspection and copying all records," subject to certain exemptions (Public Officers Law § 87 [2]; *Matter of Data Tree, LLC v Romaine,* 9 NY3d 454, 462 [2007]; *Matter of New York Times Co. v City of N.Y. Fire Dept.,* 4 NY3d 477, 483 [2005]). The exemptions, however, "are to be narrowly interpreted so that the public is granted maximum access to the records of government" (*Matter of Data Tree, LLC v Romaine,* 9 NY3d at 462; *see Matter of Markowitz v Serio,* 11 NY3d 43 [2008]; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen,* 69 NY2d 246, 252 [1987]). Further, the entity claiming an exemption must show that the requested material "falls squarely within the ambit of one of the statutory exemptions" (*Matter of Verizon N.Y., Inc. v Bradbury,* 40 AD3d 1113, 1114 [2007]; *see Matter of Markowitz v Serio,* 11 NY3d at 51; *Matter of Bahnken v New York City Fire Dept.,* 17 AD3d 228, 230 [2005]), and must articulate a "particularized and specific justification for denying access" (*Matter of Verizon N.Y., Inc. v Bradbury,* 40 AD3d at 1114; *see Matter of Bahnken v New York City Fire Dept.,* 17 AD3d at 230). The party seeking the benefit of the exemption must "present specific, persuasive evidence that disclosure will cause it to suffer a competitive injury; it cannot merely rest on a speculative conclusion that disclosure might potentially cause harm" (*Matter of Markowitz v Serio,* 11 NY3d at 51). Here, the Supreme Court properly determined that Verizon met its burden of demonstrating that its franchise reports fell squarely within the statutory exemption to FOIL disclosure under Public Officers Law § 87 (2) (d) for records "which if disclosed would cause substantial injury to the competitive position of the subject enterprise." Moreover, Verizon offered the required "particularized and specific" justification

for the denial of Cablevision's request (*Matter of Verizon N.Y., Inc. v Bradbury,* 40 AD3d at 1114). The information contained in Verizon's franchise reports was not merely a breakdown of where its customers were located but, rather, contained a trove of information compiled by Verizon that would allow Cablevision to target Verizon's actual and potential customers with respect to various services.

Although the Village retained discretionary authority under FOIL to disclose Verizon's franchise reports despite the applicability of the exemption (*see Matter of Hanig v State of N.Y. Dept. of Motor Vehs.,* 79 NY2d 106, 109 [1992]; *see also Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562, 567 [1986]), the stated basis for its decision here was simply a desire not "to become an arbiter of pending disputes between Verizon and Cablevision." In the absence of any indication in the record that the decision had a sound basis in reason, or that, before rendering its decision, the Village considered the facts underlying Cablevision's FOIL request and Verizon's opposition to it, the Supreme Court properly annulled the determination on the ground that it was arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]). We modify the judgment by adding a provision directing that the matter be remitted to the Village to allow it to exercise its discretion as to whether, despite the exemption, the franchise reports should be disclosed. Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.