■ In the Matter of MICHAEL LESHER, Respondent, v CHARLES J. HYNES, as District Attorney of Kings County, New York, et al., Appellants. [914 NYS2d 264]—

In a proceeding pursuant to CPLR article 78, inter alia, to review determinations of Charles J. Hynes, as District Attorney, Kings County, and Morgan Dennehy, FOIL Appeals Officer, dated December 23, 2008, and January 29, 2009, respectively, denying, without a hearing, the petitioner's request for disclosure pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*), and denying an administrative appeal, the appeal is from so much of a judgment of the Supreme Court, Kings County (Vaughan, J.), dated November 23, 2009, as granted those branches of the petition which were to direct the appellants to provide the petitioner with all correspondence, memoranda, and other documents exchanged between the office of the District Attorney, Kings County, and agencies and departments of the United States government regarding the extradition of Avrohom Mondrowitz from Israel.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, those branches of the petition which were to direct the appellants to provide the petitioner with all correspondence, memoranda, and other documents exchanged between the office of the District Attorney, Kings County, and agencies and departments of the United States government regarding the extradition of Avrohom Mondrowitz from Israel is denied, and that portion of the proceeding is dismissed.

"The Freedom of Information Law requires state and municipal agencies to 'make available for public inspection and copying all records,' subject to certain exemptions" (*Matter of Verizon N.Y., Inc. v Mills*, 60 AD3d 958, 959 [2009], quoting Public Officers Law § 87 [2]; *see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462 [2007]; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 483 [2005]). "The exemptions, however, 'are to be narrowly interpreted so that the public is granted maximum access to the records of government' " (*Matter of Verizon N.Y., Inc. v Mills*, 60 AD3d at 959, quoting *Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462; *see Matter of Markowitz v Serio*, 11 NY3d 43 [2008]; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]). "Further, the entity claiming an exemption

must show that the requested material 'falls squarely within the ambit of one of the statutory exemptions' " (*Matter of Verizon N.Y., Inc. v Mills,* 60 AD3d at 959, quoting *Matter of Verizon N.Y., Inc. v Bradbury,* 40 AD3d 1113, 1114 [2007]; *see Matter of Markowitz v Serio,* 11 NY3d at 51; *Matter of Bahnken v New York City Fire Dept.,* 17 AD3d 228, 230 [2005]), "and must articulate a 'particularized and specific justification for denying access' " (*Matter of Verizon N.Y., Inc. v Mills,* 60 AD3d at 959, quoting *Matter of Verizon N.Y., Inc. v Bradbury,* 40 AD3d at 1114; *see Matter of Bahnken v New York City Fire Dept.,* 17 AD3d at 230).

Here, contrary to the Supreme Court's determination, the appellants established that the materials sought by the petitioner in his request pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*) were exempt from disclosure. First, the appellants established that disclosure of the materials sought would interfere with law enforcement investigations or judicial proceedings (*see* Public Officers Law § 87 [2] [e] [i]). Contrary to the petitioner's contention, the appellants were not required to detail the manner in which each document sought would cause such interference. Rather, under the circumstances here, the assertion that disclosure would interfere with an ongoing law enforcement investigation was a sufficiently particularized justification for the denial of access to those records under Public Officers Law § 87 (2) (e) (i) (*see Matter of Legal Aid Socy. v New York City Police Dept.,* 274 AD2d 207 [2000]; *Matter of Pittari v Pirro,* 258 AD2d 202 [1999]; *see generally Matter of Gould v New York City Police Dept.,* 89 NY2d 267 [1996]).

Furthermore, the appellants established that the materials sought were "specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). Specifically, the materials were exempted from disclosure pursuant to Civil Rights Law § 50-b, which, with exceptions not relevant here, prevents any public officer from disclosing documents which would identify the victim of a sex offense. Moreover, contrary to the petitioner's contention, "insofar as the requested records are exempt from disclosure pursuant to State statute (Public Officers Law § 87 [2]; Civil Rights Law § 50-b [1]), the [appellants] are not obligated to provide the records even though redaction might remove all details which 'tend to identify the victim[s]' (*see,* Civil Rights Law § 50-b [1]; *see also, Matter of Short v Board of Mgrs. of Nassau County Med. Ctr.,* 57 NY2d 399)" (*Matter of Karlin v McMahon,* 96 NY2d 842, 843 [2001]).

The petitioner's remaining contentions are without merit. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.