■ In the Matter of ANTHONY G. DILWORTH, Appellant-Respondent, v WESTCHESTER COUNTY DEPARTMENT OF CORRECTION, Respondent-Appellant. [940 NYS2d 146]—

In a proceeding pursuant to CPLR article 78, inter alia, to

review a determination of Robert F. Meehan, as County Attorney of Westchester County, dated March 29, 2010, which denied the petitioner's request pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*) for disclosure of all records of electronic video surveillance of him during his detention at the Westchester County Jail, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Cacace, J.), entered December 21, 2010, as denied those branches of his petition which were to direct the Westchester County Department of Correction and Robert F. Meehan, as County Attorney of Westchester County, to provide him with certain electronic video surveillance records and, in effect, dismissed that portion of the proceeding, and the Westchester County Department of Correction and Robert F. Meehan, as County Attorney of Westchester County, cross-appeal, as limited by their brief, from so much of the same judgment as granted that branch of the petition which was to direct them to provide the petitioner with a certain record of electronic video surveillance depicting an incident that occurred on December 16, 2008.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was a detainee at the Westchester County Jail (hereinafter the Jail) for a period of approximately one year in 2008 and 2009. On December 16, 2008, several months into that detention, he slipped and fell at the Jail, and allegedly sustained injuries. The Jail has an electronic video surveillance system. In March 2010 the petitioner requested disclosure, pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]), of all records of electronic video surveillance of him during his detention at the Jail. His request was denied by the Westchester County Department of Correction (hereinafter the WCDOC) on the ground that the surveillance records were exempt from disclosure under Public Officers Law § 87 (2) (f). That subsection provides that records are exempt from disclosure if their disclosure "could endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]). The petitioner's administrative appeal to Robert F. Meehan, the County Attorney of Westchester County, was denied on the same ground.

The petitioner then commenced this proceeding against Meehan, as County Attorney of Westchester County, and the WCDOC (hereinafter together the Department) to review Meehan's determination and to direct the Department to provide the petitioner with the requested surveillance records.

The Department submitted, as an exhibit to its answer, an affidavit of a Sergeant with the WCDOC, who asserted that release of the records could compromise security at the Jail by disclosing the perspective and field of view of the cameras and, therefore, any gaps in the surveillance system. The Supreme Court granted that branch of the petition which was to direct the Department to provide the petitioner with the electronic video surveillance record depicting the petitioner's slip and fall from the best camera angle that captured it, but otherwise denied the petition. The petitioner appeals, and the Department cross-appeals, from stated portions of the judgment, and we affirm.

FOIL requires that state and municipal agencies "make available for public inspection and copying all records," subject to certain exemptions (Public Officers Law § 87 [2]; *see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462 [2007]; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 483 [2005]). The exemptions from disclosure "are to be narrowly interpreted so that the public is granted maximum access to the records of government" (*Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462; *see Matter of Markowitz v Serio*, 11 NY3d 43, 49-50 [2008]; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]). To further the goal of FOIL, which is to provide access to government records, an agency claiming an exemption from disclosure bears the burden of showing that the requested material "falls squarely within the ambit of one of the statutory exemptions" (*Matter of Verizon N.Y., Inc. v Bradbury*, 40 AD3d 1113, 1114 [2007]; *see Matter of Markowitz v Serio*, 11 NY3d at 50-51; *Matter of Bahnken v New York City Fire Dept.*, 17 AD3d 228, 230 [2005]). To meet that burden, the agency must articulate a "particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *see Matter of Verizon N.Y., Inc. v Bradbury*, 40 AD3d at 1114; *Matter of Bahnken v New York City Fire Dept.*, 17 AD3d at 230). Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed (*see Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 567 [1984]; *Church of Scientology of N.Y. v State of New York*, 46 NY2d 906, 907-908 [1979]).

Here, the Supreme Court properly determined that the evidence submitted by the Department was insufficient to establish that the disclosure of an electronic video surveillance record from one camera angle from one particular day could endanger the life or safety of any person by exposing limitations in the

surveillance system (*see Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs.*, 174 AD2d 212 [1992]; *cf. Matter of Mack v Howard*, 91 AD3d 1315, 1317 [2012]). The Supreme Court also properly determined, however, that the Department established, through the Sergeant's affidavit, that disclosure of the remaining electronic video surveillance records requested by the petitioner could expose such limitations and, thereby, endanger the life or safety of any person (*see* Public Officers Law § 87 [2] [f]; *Matter of Lonski v Kelly*, 149 AD2d 977, 978 [1989]). Accordingly, the Supreme Court's judgment must be affirmed. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.