In the Matter of THOMAS MADERA, Respondent, v ELMONT PUBLIC LIBRARY et al., Appellants. [957 NYS2d 129]—

The appellant Elmont Public Library (hereinafter the Library) retained an attorney to determine whether Frank Marino, the principal of a corporation which had a contract to provide business management services to the Library, was functioning as the Library's employee or as an independent contractor. The attorney conducted interviews with Marino and several of the Library's employees and reviewed administrative and budgetary materials. The attorney then issued a written report to the President of the Library's Board of Trustees. The Library's Board of Trustees thereafter permitted Marino to review the report and take notes as to its contents.

The petitioner, Thomas Madera, requested, pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]), the disclosure of the report. The Library denied his request on the ground that the report was exempt from disclosure under the attorney-client privilege and because it constituted intra-agency material. The petitioner commenced this proceeding to compel the production of the report. The Supreme Court granted the petition and directed the Library to provide the report to the petitioner. On appeal, the appellants contend that the Supreme Court erred in directing the Library to grant the petitioner's FOIL request and disclose the report.

FOIL requires that state and municipal agencies "make available for public inspection and copying all records," subject to certain exemptions (Public Officers Law § 87 [2]; *see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462 [2007]; *Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722, 724 [2012]). To further the goal of FOIL, which is to provide access to government records, an agency claiming an exemption from disclosure bears the burden of showing that the requested material "falls squarely within the ambit of one of the statutory exemptions" (*Matter of Verizon N.Y., Inc. v Bradbury*, 40 AD3d 1113, 1114 [2007]; *Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d at 724; *see also* Public Officers Law § 89). To meet that burden, the agency must articulate a "particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *see Matter of Verizon N.Y., Inc. v Bradbury*, 40 AD3d 1113, 1114 [2007]). "Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d at 724; *see Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 567 [1984]; *Church of Scientology of N.Y. v State of New York*, 46 NY2d 906, 907-908 [1979]).

One FOIL exemption "protects against the disclosure of 'inter-agency or intra-agency materials', predecisional memoranda or other nonfinal recommendations prepared to assist an agency decision maker" (*Matter of Akras v Suffolk County Dept. of Civ. Serv.*, 137 AD2d 523, 523 [1988], quoting Public Officers Law § 87 [2] [g]). "[T]he purpose of the intra-agency exception is to allow individuals within an agency to exchange their views freely, as part of the deliberative process, without the concern that those ideas will become public" (*Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 658 [2012]; *see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 488 [2005]).

"Opinions and recommendations that would, if prepared by agency employees, be exempt from disclosure under the Freedom of Information Law as intra-agency materials do not lose their exempt status simply because they are prepared for the agency, at its request, by an outside consultant or another agency" (*Matter of Goodstein & W. v O'Rourke*, 201 AD2d 731, 732 [1994]; *see Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 133 [1985]). "Rather, it is the actual function served by the outside party which must be considered in deciding whether the communications are encompassed by the intra-agency exemption of the Freedom of Information Law" (*Matter of Sea Crest Constr. Corp. v Stubing*, 82 AD2d 546, 549 [1981]).

FOIL also does not require an agency to disclose documents "specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). In this regard, the CPLR creates a privilege for communications between attorneys and their clients (*see* CPLR 4503 [a]; *Matter of Rye Police Assn. v City of Rye*, 34 AD3d 591, 591 [2006]; *Matter of Morgan v New York State Dept. of Envtl. Conservation*, 9 AD3d 586, 587 [2004]). However, "[t]he attorney-client privilege applies only to confidential communications with counsel, not to information obtained from or communicated to third parties" (*Eisic Trading Corp. v Somerset Mar.*, 212 AD2d 451, 451 [1995]).

Here, the Library denied the petitioner's request on the grounds that the report was exempt from disclosure under the attorney-client privilege and because it constituted intra-agency material. However, the Library failed to submit any evidentiary materials to support its claimed exemptions. Instead, it merely submitted an attorney affirmation which asserted that "upon information and belief," the report was exempt from disclosure under the attorney-client privilege and because it constituted intra-agency material (*see Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d 882, 885-886 [2009]; *Church of Scientology of N.Y. v State of New York*, 46 NY2d at 907-908). In any event, by voluntarily and deliberately disclosing the report to Marino, the Library affirmatively waived its right to claim the intra-agency exemption or the attorney-client privilege (*see Matter of New York Civ. Liberties Union v New York City Police Dept.*, 74 AD3d 632, 632 [2010]; *see also Village Bd. of Vil. of Pleasantville v Rattner*, 130 AD2d 654, 655 [1987]; *cf. Matter of Scaccia v New York State Div. of State Police*, 138 AD2d 50, 53 [1988]). Since the Library failed to meet its burden of showing that the report was exempt from disclosure, the Supreme Court properly granted the petition (*see Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d at

724; *Matter of Verizon N.Y., Inc. v Bradbury*, 40 AD3d at 1114). Angiolillo, J.P., Austin, Sgroi and Miller, JJ., concur.