Matter of United Probation Officers Assn. v City of New York (2020 NY Slip Op 05476)





Matter of United Probation Officers Assn. v City of New York


2020 NY Slip Op 05476


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Index No. 158342/2018 Appeal No. 11938 Case No. 2019-2885 

[*1]In re United Probation Officers Association, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


The Kurland Group, New York (Erica T. Healey-Kagan of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 14, 2019, denying the petition to compel respondents, pursuant to the Freedom of Information Law (FOIL), to produce documentation that includes certain information about individuals employed from January 1, 2007 to the present in the New York City Administration for Children's Services (ACS), Department of Probation (DOP), New York City Police Department (NYPD), and Department of Correction (DOC), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
To the extent petitioner seeks to compel the production of documents relating to NYPD and DOP and identified in its June 2018 request, this proceeding is untimely (CPLR 217[1]). The June 2018 request was duplicative of petitioner's November 2017 request, and therefore did not extend or toll the statute of limitations on article 78 proceedings (Matter of Kelly v New York City Police Dept., 286 AD2d 581 [1st Dept 2001]; accord Matter of Stankevich v New York City Police Dept., 173 AD3d 507, 508 [1st Dept 2019], lv denied 35 NY3d 902 [2020]). The four-month limitations period began to run on December 22, 2017, the date of the final determination denying petitioner's November 2017 request. This proceeding was commenced on September 7, 2018.
To the extent petitioner's remaining requests are timely, we affirm the denial of the petition on the ground that respondents established that the requests call for the creation of new records, which exceeds the scope of respondents' obligations in response to a FOIL request (see Public Officers Law §89[3][a]). Respondents submitted an uncontested affidavit explaining that some of the information sought by petitioner does not currently exist and would have to be extrapolated — "transformed" — from existing raw data. The transformation process described by the affiant would entail much more than a "simple manipulation of the computer . . . to transfer existing records" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 465 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020