Matter of Reclaim the Records v New York City Dept. of Health & Mental Hygiene (2023 NY Slip Op 02395)

Matter of Reclaim the Records v New York City Dept. of Health & Mental Hygiene

2023 NY Slip Op 02395

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Index No. 153996/19 Appeal No. 190 Case No. 2021-04744 

[*1]In the Matter of Reclaim the Records, Petitioner-Respondent-Appellant,
v
New York City Department of Health and Mental Hygiene et al., Respondents-Appellants-Respondents.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for appellants-respondents.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Michael D. Moritz of counsel), for respondent-appellant.

Order and judgment (one paper), Supreme Court, New York County (J. Machelle Sweeting, J.), entered November 15, 2021, which, to the extent appealed from as limited by the briefs, granted so much of the petition to annul an amendment to the Health Code (24 RCNY 207.11) by which genealogists were not added to an expanded list of family members allowed access to death certificates before they become public records and remanded the matter to respondents for reconsideration, and denied so much of the petition to direct respondent New York City Department of Health and Mental Hygiene (DOHMH) to grant petitioner's Freedom of Information Law (FOIL) request for uncertified digital images of all death certificates issued between 1949 and 1968, unanimously modified, on the law and the facts, to deny the petition to the extent it seeks to annul the amendment to the Health Code, and otherwise affirmed, with costs against petitioner, and the proceedings brought pursuant to CPLR article 78 dismissed.
Respondent New York City Board of Health did not "exceed[] the scope of its delegated powers" in amending 24 RCNY 207.11 (Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d 601, 608 [2018]; see also Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 221 [2017]; Greater N.Y. Taxi Assn. v New York City Taxi & Limousine Commn., 25 NY3d 600, 608 [2015]), by adding to the existing list of family members for whom requests for death certificates would automatically be deemed "necessary or required for a proper purpose" while declining to add genealogists (Administrative Code of City of NY § 17-169[b]; 24 RCNY 207.11[b][1]). Instead, it "balance[ed] costs and benefits according to preexisting guidelines" and did not create "its own comprehensive set of rules without benefit of legislative guidance" (Garcia, 31 NY3d at 609; see Boreali v Axelrod, 71 NY2d 1, 11-14 [1987]).
Nor was the amendment arbitrary and capricious (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The stated goal of the proposal was to allow more family members access to death certificates, and the Board of Health reasonably expressed concern with family privacy issues, due to social security numbers and causes of death being listed on death certificates, when declining to add genealogists to the expanded list (see, e.g., Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [2005] ["surviving relatives have an interest protected by FOIL in keeping private the affairs of the dead"]; Matson v Board of Educ. of City School Dist. of New York, 631 F3d 57, 63-65 [2d Cir 2011] [constitutional right to privacy for certain medical conditions]). Whether the Board of Health should have been swayed by public comments citing potential positive health implications to allowing genealogists access to death records or adding a provision allowing uncertified [*2]copies to be provided is not reviewable, as the courts are not authorized to "weigh the desirability of any action or [to] choose among alternatives" (Akpan v Koch, 75 NY2d 561, 570 [1990] [internal quotation marks omitted]). Moreover, the existing rule allows genealogists to demonstrate that any request they make for records are required or necessary for a proper purpose (24 RCNY 207.11[b][5]).
With respect to the FOIL request, which sought "one complete set of the digital scans, in uncertified form, previously made by your agency of all New York City death certificates issued between and including 1949 and 1968," DOHMH properly denied the request because it only keeps certified copies and is "not required to create records in order to comply with a FOIL request" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464 [2007]; see Public Officers Law § 89[3][a]).
Additionally, DOHMH properly withheld the records as exempted by state statute (see Public Officers Law § 87[2][a]). The governing statutory provision was originally added to the New York City Charter by the state legislature and read as follows:
"Transcripts of records of . . . death, upon such forms as the commissioner of health may prescribe, shall be issued upon request unless in his judgment it does not appear to be necessary or required for a proper purpose"
(former NY City Charter § 1241-a, L 1937, ch 197, § 2). The predecessor to Administrative Code § 17-169 was added by the state legislature the same year (former Administrative Code § 567-4.0, L 1937, ch 929). The statutory language was preserved when the legislature recodified the Administrative Code in 1985 (see L 1985, ch 907). It now reads:
"A transcript of a record of . . . death, upon such forms as the department shall prescribe, shall be issued upon request unless it does not appear to be necessary or required for a proper purpose"
(Administrative Code § 17-169[b]). This Administrative Code provision thus qualifies as a state statute.
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023